SOVEREIGN CAMP, WOODMEN OF THE WORLD, APPELLEE, v. EVA BILLINGS, APPELLEE: MARY U. BILLINGS, APPELLANT.

FILED NOVEMBER 26, 1921. No. 21681.

Insurance: BENEFICIARY: RIGHTS OF DIVORCEE. Where a decree of divorce has been entered, under section 1606, Rev. St. 1913, the marriage status of the parties continues until the decree becomes operative to dissolve it, and, where the husband dies within six months after the entry of such decree, the relation of the surviving wife to the husband and to his estate is *held* not to be so fixed and altered by such a decree that the wife is, in practical effect, a divorced wife, so as to be prevented from taking as a beneficiary under a certificate of insurance, where a by-law denies a divorced wife the right to the proceeds.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Myers & Mecham,* for appellant.

*Thomas E. Brady, De E. Bradshaw* and *J. M. Sturdevant, contra.*

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG and ROSE, JJ., BROWN and ELDRED, District Judges.

FLANSBURG, J.

This is an action begun by the Sovereign Camp, Woodmen of the World, against Eva Billings, appellee, and Mary U. Billings, appellant, to determine the rightful beneficiary under a certificate of insurance, held by H. Fred Billings in his lifetime as a member of such lodge. The plaintiff tendered the money into court, and the controversy here is between appellee, claiming as the wife of the insured, and the appellant, claiming as his mother.

On May 27, 1919, in a suit for divorce pending between H. Fred Billings, the insured, and Eva Billings, appellee, who were then husband and wife, a decree of divorce was entered, but within six months after the entry of such decree, on August 22, 1919, H. Fred Billings died. Appellant, Mary U. Billings, mother of the deceased, bases her right to the insurance money upon a by-law of the Sovereign Camp, Woodmen of the World, which provides, in effect, that whenever benefits are payable to the wife of a member and she and the insured "are divorced from each other," and no new designation of beneficiary is made, the benefit shall be payable as though the designated beneficiary had predeceased the member. In this case, Mary U. Billings, mother of the insured, would be entitled to take as beneficiary if, at the time of the insured's death, within the six-months period after the entry of the decree, the appellee and the insured are held to have been "divorced from each other," within the meaning of the by-law mentioned.

The trial court held that at the time of the death of the insured the appellee and insured were not, within the meaning of the by-law, divorced from each other, and entered judgment in appellee's favor. From this judg-

ment, Mary U. Billings appeals.

The appellant argues that the divorce action did not abate at the death of the insured, and contends that, at the expiration of six months from the entry of such decree, regardless of the intermediate death of H. Fred Billings, the original decree became final and constituted, from the time of its entry, the complete measure of all the personal and property rights between the parties; that the contract of insurance should be interpreted in the light of this situation, and that the wife, having been deprived of the benefits arising from the marital relation by a decree which was never appealed from, nor set aside, did not bear such a relation, as a wife, toward the insured as the by-law contemplated should exist in order that she be a beneficiary; that from the time of the entry of the interlocutory decree the parties were, in fact, in all practical effects, divorced; that appellee was no longer, as a wife, a beneficiary under the law of the insured's estate, and should not, by a fair interpretation of the by-law,be held to be a beneficiary, as a wife, of his insurance; that, under a proper and reasonable interpretation of the by-law, having in view its intent and purpose, she was at the time of the insured's death, in every practical sense, his divorced wife.

It is argued that in the case of *Holmberg v. Holmberg,* 106 Neb. 717, the court made no mention of, and gave no effect to, the general statute (Rev. St. 1913, sec. 8023), which provides that a pending action shall not abate by reason of the death of a party, and that the court disregarded decisions construing this statute as having application to a pending action, even though based upon a cause of action which would not, under our statute, survive. *Webster v. City of Hastings,* 59 Neb. 563; *Sheibley v. Nelson,* 83 Neb. 501.

Though the statute cited, purporting to prevent the abatement of pending actions, be given a most liberal interpretation, it could not prevent an action in divorce from abating when death occurs at a time before a decree

can become operative, for death would, as pointed out in the *Holmberg* case, extinguish the marriage status and destroy the subject-matter which forms the basis of the action. Under our interpretation of the divorce statute (Rev. St. 1913, sec. 1606), providing that the decree of divorce shall not become "operative until six months after trial and decision except for the purpose of review by proceedings in error or by appeal, and for such purposes only," the status of the divorce proceeding, during the six months immediately following the entry of the decree, is that of a pending action. *Everson v. Everson,* 101 Neb. 705; *Blakely v. Blakely,* 102 Neb. 164. During the entire pendency of that decree, the marital relation continues. The decree cannot, under the law, take effect and dissolve the marriage until at the expiration of the six months' period. In order that a marriage status be dissolved by a decree of divorce, such status obviously must exist at the time of the taking effect of the decree. When the marriage relation is extinguished by death prior to the time when the decree can go into effect, then the subject-matter, upon which the decree would otherwise have operated, is gone, and the parties to the suit manifestly can never be divorced by operation of law. The statute on abatement of actions, which provides that a pending action shall not abate by the death of a party, does not and cannot preserve the subject-matter of an action. A divorce action differs in character from every other. It is not based upon a claim for a money recovery, nor is it a proceeding for the establishment of property rights. Such other actions may ordinarily be as fully litigated, in favor of or against the estate of one of the parties, after the death of such party as before. There are salutary reasons why pending actions of that nature should not abate. But in a divorce action the money and property interests involved are only incidental to the principal object of the suit. Whether the object sought is a limited or an absolute divorce, the primary and underlying purpose of such action is a modification

or dissolution of the marriage relation. The settlement of matters of permanent alimony and property rights is only the incidental means of carrying into effect the one ultimate object. Until the decree can become operative as a divorce, the provisions of the decree, as to those incidental matters, cannot go into effect.

Though the interlocutory decree has the effect of suspending the personal obligations between the parties (*London Guarantee & Accident Co. v. Industrial Accident Commission,* 181 Cal. 460), yet, where an interlocutory decree is entered and the marriage relation is dissolved by death before the decree has become operative as a divorce, the living party is entitled to the property rights springing by operation of law from the marital relation, and is not concluded by the interlocutory decree fixing those rights (*In re Crandall,* 196 N. Y. 127; *Chase v. Webster,* 168 Mass. 228; *Estate of Seiler,* 164 Cal. 181; see note, Ann. Cas. 1914B, 1094), unless, perhaps, by contract, waiver or estoppel, the living party has become bound thereby. *Gould v. Superior Court,* 191 Pac. (Cal. App.) 56. Certainly, the living party could not take both the rights springing from the marital relation and the rights and benefits provided in lieu thereof by the decree.

At the time of the death of the insured, appellee was, in law as well as in practical effect, the wife of the insured. The marital relation had not been dissolved, nor had the appellee been severed from all beneficial interest arising from the marriage relation. Her relation in fact toward the person and estate of the insured was not, as appellant argues, that of a divorced wife.

For the reasons given, the judgment of the district court is

AFFIRMED.