Miller v. Baker.

---

ALVIN M. MILLER, APPELLANT, V. RALPH M. BAKER ET AL., APPELLEES.

FILED JULY 7, 1924.   No. 22816.

1. **Appeal:** TRIAL DE NOVO. When an equity case is appealed to this court, we are required to try the case *de novo* and reach an independent conclusion as to the findings which are required under the pleadings and the evidence. Comp. St. 1922, sec. 9150.

2. **Corporations:** LIABILITY. Plaintiff sued at law to recover $15,000 on a promissory note, drawing 8 per cent. interest, and signed by 18 defendants. The note in terms was made payable to American State Bank, of which plaintiff was president, and was indorsed, "without recourse," by the bank's cashier. On motion of defendants, over plaintiff's exception, the suit was tried as one in equity. The note was executed to raise money to pay the expenses of a corporation known as the "Wyoming Northeastern Oil Company," which was engaged in prospecting for oil. Plaintiff, who was one of the incorporators, refused to sign the note, on the ground that under section 8012, Comp. St. 1922, he was prohibited from borrowing money from a bank of which he was an officer. The money, however, was not borrowed from

American State Bank. Subsequently plaintiff borrowed $15,000 from a neighboring bank and took up the note. The money so borrowed he placed to to the credit of the oil company in the American State Bank. The $15,000 was all used to pay the corporate debts and subsequent operating expenses of the oil company. Upon trial the suit was dismissed at plaintiff's costs. *Held.* that the court erred, and plaintiff, in equity, is entitled to judgment, with costs, in the sum of $14,210.53, that being the amount sued for less plaintiff's *pro rata* share of the money borrowed, with interest on $14,210.53 at the rate of 7 per cent. per annum from the —— day of November, 1919, or such date as plaintiff placed the money in the bank to the credit of the oil company.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Reversed, with directions.*

*Brogan, Ellick & Raymond, Boyd, Metz & Meyer* and *F. A. Wright,* for appellant.

*Peterson &· Devoe, Mitchell & Gantz* and *Patterson & Patterson, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., and REDICK, District Judge.

DEAN, J.

Plaintiff sued at law to recover $15,000 from defendants on a promissory note in the principal sum of $15,000, dated October 17, 1919, bearing interest at 8 per cent. per annum until paid. The note is signed by defendant Ralph M. Baker and 17 other defendants. On defendants' motion the case was tried to the court as a suit in equity. When the evidence was submitted, defendants recovered judgment and the suit was dismissed at plaintiff's costs. Plaintiff appeals.

Omitting signatures, a copy of the note sued on, with its indorsement, follows:

"$15,000.00. Alliance, Nebr., October 17, 1919. On April 17, 1920, we agree to pay to the American State Bank of Hemingford, Nebraska, the sum of fifteen thousand dollars ($15,000.00) at Hemingford, Nebraska, value received,

with interest at the rate of eight (8) per cent. from date until· paid." (Revenue stamps) Indorsed: "Without recourse. American State Bank, Hemingford, Nebr. C. R. Melick, Cashier."

Some time before the date of the note, plaintiff and defendants, and some others, were interested in prospecting for oil in Wyoming. About a month before the note was signed the parties, for convenience in further prospecting, formed a corporation, namely, the Wyoming Northeastern Oil Company.

Debts had accumulated and money was needed and the makers signed the note to raise money. At this time plaintiff was president of American State Bank of Hemingford, and was also one of the incorporators of the oil company. F. W. Melick was vice-president of the bank. The note in suit remained in the bank approximately 30 days after its date, when, according to plaintiff's evidence, he borrowed $15,000 from another bank, namely, First State Bank of Hemingford, and with the borrowed money he went to his own bank and took up the note. The $15,000, so borrowed by plaintiff, was placed by him in American State Bank to the credit of the oil company, and all of it was used by it to pay past debts and to pay subsequent obligations of the company. This is nowhere denied in the record. In fact, it is expressly admitted.

At a meeting held October 17, 1919, at Alliance, there was some talk among the parties about borrowing the required money from the American State Bank of Hemingford, of which, as above noted, plaintiff was president. And it will be observed that the note in suit, as drawn up, was in direct terms made payable to this bank. All of the 18 makers of the note knew this or were chargeable with notice of it.

Six of the signers testified on the part of defendants. No other witnesses were called by them. They testified that they signed in reliance on Miller's and Melick's alleged promise that they would join in signing the note. Both Miller and Melick were at the meeting and both denied

that they ever made any such promise, and defendant Michael, who was present, and a signer, testified that he did not hear either Miller or Melick agree to sign the note. In passing, it may be noted that Melick, cashier of the bank, did not sign the note and is not a party to this suit.

Miller frankly admitted that there was talk among the makers of the note to the effect that they wanted him to join them in signing it, but that he told them he could not do so, because, as a bank officer, he was precluded by law from borrowing money from a bank with which he was so connected. In this he was corroborated by Melick. And it may here be observed that it is a felony for any person to borrow money from a bank of which he is an officer, for which a drastic penalty is provided, namely, a fine not exceeding $1,000 or a penitentiary sentence not exceeding five years, or both. Comp. St. 1922, sec. 8012. And of this law defendants were of course charged with knowledge. So that it appears from the evidence that plaintiff was solicited to do an unlawful and felonious act. And it is reasonable to assume that even an ordinarily prudent person would not comply with such request.

This case was begun as a law action, but when it came on to be heard, defendant's motion that it be tried as a suit in equity was sustained over plaintiff's exception. Under the statute, when an equity suit is appealed to this court, we are required to try the issues *de novo* and "reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof." Comp. St. 1922, sec. 9150. *Greusel v. Payne,* 107 Neb. 84.

Defendants, in support of the argument that their answers present equitable issues, contend that, in view of the facts, plaintiff is estopped to maintain this action, and that in no event should he be permitted to recover any part of the $15,000 which he procured to be paid into the treasury of the oil company and which was appropriated and used

by it, under the direction of its chosen officers. In short, defendants would now have plaintiff pay all expenses and all costs incurred by the oil company, in its quest for oil fields, and would unburden themselves of all charges which pertained to the enterprise. The mere statement of the facts involved here is sufficient to show that defendants' argument is untenable. It plainly appears to us that to deprive plaintiff of equitable relief, under the facts before us, would be a clear subversion of every recognized principle of equity. The preponderance of the evidence is on the side of plaintiff.

The ancient maxim that "he who seeks equity must do equity," must be applied here. It has not been shown that defendants have been defrauded of any money by plaintiff, nor have they been deprived of any of their substantial rights by him. It is admitted that plaintiff borrowed the money for which the $15,000 note was given, and placed all of it at the disposal of the oil company, and it was all used for corporate purposes under the direction of its officers.

Equity regards substance rather than form, and, in the application of its principles to the affairs of men, it deals with an impartial hand as between contending parties. *Century Oil Company v. Department of Agriculture, ante,* p. 73. So that in the application of equitable principles to the facts it seems to us that plaintiff should stand his *pro rata* share of the obligation, namely, 1-19th part thereof, or $789.47. In *Jones v. Guaranty & Indemnity Co.,* 101 U. S. 622, 630, Mr. Justice Swayne observed: "Equity regards only the substance of things, and deals with human affairs upon that principle."

We conclude that the judgment must be, and it hereby is, reversed and the cause remanded, with directions that judgment, with costs, be entered in the district court in favor of plaintiff and against the defendants for $14,210.53, that being the amount sued for less 1-19 part thereof, as hereinbefore noted, with interest on $14,210.53 at the rate of 7 per cent. per annum from the ——— day of Novem-

ber, 1919, or such date, or dates, as plaintiff may have placed the money in question in "American State Bank of Hemingford" for the use of the oil company. Evidence may be taken to establish such date if the parties fail to agree thereon.

Inasmuch as the cause was tried as one in equity, as above noted, for an accounting between the parties, it is ordered that the judgment herein is and shall be without prejudice to opening up the suit for contribution among the parties, including plaintiff.

REVERSED.

Note—See Appeal and Error, 4 C. J. p. 726, sec. 2647; Corporations, 14 C. J., p. 1129, sec. 1776.