Westphalen v. Westphalen.

Note—See Usury, 21 A. L. R. 880; 27 R. C. L. 203, 223; 3 R. C. L. Supp. 1509; 4 R. C. L. Supp. 1746; 39 Cyc. 888 n. 4, 946 n. 79, 984 n. 79, 1040 n. 62.

---

GOTTFRIED WESTPHALEN, APPELLEE, v. EMMA WESTPHALEN, APPELLANT.

FILED FEBRUARY 8, 1927.   No. 25441.

1. **Divorce:** APPEAL: EFFECT. An appeal lodged in this court from a decree rendered in a suit for divorce suspends such decree and brings the case here for trial *de novo*, and the marital relations continue unchanged until a final determination of such appeal is had.

2. ———: FINAL DECREE. In such a case, it is not the interlocutory decree entered by the trial court that is controlling,

but the final decree entered by this court or directed to be entered in the trial court.

3. ——: ABATEMENT. A suit for divorce abates on the death of either party before final judgment, and is not subject to revivor.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Motion sustained, and cause remanded, with directions.*

*J. C. Travis,* for appellant.
*Jamieson, O'Sullivan & Southard, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON, and EBERLY, JJ.

THOMPSON, J.

In this case the appellee, hereinafter called the plaintiff, instituted a suit against appellant, hereinafter called defendant, praying that he be granted a divorce from the defendant, his petition being in usual form. The defendant answered admitting the marriage and other preliminary facts necessary to be pleaded in such suit, and interposed a cross-petition in which, after setting forth necessary facts, she prayed that she be granted a divorce from plaintiff, suit money, attorney fees, and alimony. After the issues were joined, the suit was tried, and decree of divorce granted plaintiff, in which decree plaintiff was ordered to pay the defendant alimony in the sum of $350, suit money $15, and attorney fees $50, and costs. The defendant then for reversal brought the suit to this court by way of appeal. After such appeal was duly lodged, and before the same was reached for hearing, the plaintiff died. After such death an administrator was appointed for plaintiff's estate, but he found himself hampered by reason of the pendency of this suit. Defendant then filed herein a motion seeking an order of this court directing that all moneys paid into court by the plaintiff, save and except those necessary to pay the costs of the trial court, be ordered paid to such administrator, and that the case be dismissed, suggest-

ing in such motion the death of plaintiff, and further that, as the action is one in equity, it is here for trial *de novo,* and hence this court is vested with exclusive jurisdiction, and further that, the suit being one for divorce, revivor cannot be had. Each and all of the parties interested, so far as this record shows, have entered their voluntary appearance, have waived time to further plead, and each thereof joins the defendant in such motion. Briefs were filed, and the motion submitted for our consideration.

The effect and purpose of such appeal are governed by section 9150, Comp. St. 1922, which provides: "In all appeals from the district court to the supreme court in suits in equity, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it shall be the duty of the supreme court to retry, the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial *de novo* of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof." In such a case, it is not the interlocutory decree entered by the trial court that is controlling, but the final consideration thereof and decree entered by this court or directed by this court to be entered in the trial court, which annuls or continues the marital relations of the parties; and until such final consideration or decree, such original marriage relation continues. As such appeal when perfected vests this court with jurisdiction to try the case *de novo,* such jurisdiction must and does continue until a final disposition thereof is made by us.

The construction herein given to such statute is in harmony with our previous holdings. *Goldenstein v. Goldenstein,* 110 Neb. 788; *Brown v. Stroud & Co.,* 112 Neb. 210; *Miller v. Baker,* 112 Neb. 375.

As to the right of revivor in a case like this, section 8546,

Comp. St. 1922, is controlling, and provides, in part, as follows: "An action does not abate by the death, or other disability of a party, or by the transfer of any interest therein during its pendency, if the cause of action survive or continue." That such cause of action does not survive or continue in a strictly divorce action is self-evident. *Chase v. Webster,* 168 Mass. 228; *Faris v. Hope,* 298 Fed. 727; *Estate of Seiler,* 164 Cal. 181; 9 R. C. L. 414, sec. 214; *Holmberg v. Holmberg,* 106 Neb. 717; *Sovereign Camp, W. O. W., v. Billings,* 107 Neb. 218.

As we have found that the appeal brought the case here for trial *de novo,* and further that the death occurred before our determination of such action, we conclude that the rule should be applied to this case that we have applied where the death occurred within six months from the rendition of such decree, and prior to the perfecting of an appeal, as in *Holmberg v. Holmberg, supra,* wherein we held: "Where a divorce was granted and one of the parties died before the expiration of six months thereafter, such divorce decree never became effective, and as to such divorce the action abated." And as in *Sovereign Camp, W. O. W., v. Billings, supra,* wherein we held: "Where a decree of divorce has been entered, under section 1606, Rev. St. 1913, now section 1555, Comp. St. 1922, the marriage status of the parties continues until the decree becomes operative to dissolve it, and, where the husband dies within six months after the entry of such decree, the relation of the surviving wife to the husband and to his estate is *held* not to be so fixed and altered by such decree that the wife is, in practical effect, a divorced wife, so as to be prevented from taking as a beneficiary under a certificate of insurance, where a by-law denies a divorced wife the right to the proceeds."

The motion is sustained, and the cause remanded, with directions to the trial court to enter judgment requiring the plaintiff to pay the costs of the trial therein, and the defendant to pay the costs of the trial in this court, and that

the money heretofore paid to the clerk of the district court, as alimony, be returned to plaintiff by paying such money to the administrator of the estate of plaintiff, and that, upon such payments being made, this action be dismissed.

MOTION SUSTAINED, AND CAUSE REMANDED, WITH DIRECTIONS.