NORA E. WILLIAMS, APPELLEE, V. E. ALVA WILLIAMS, APPELLANT.

19 N. W. 2d 630

FILED JULY 20, 1945. No. 31936.

*Mark J. Ryan*, for appellant.

*George W. Leamer*, for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, WENKE, JJ., and POLK, District Judge.

PAINE, J.

This is a divorce action. The plaintiff in her petition charged the defendant with extreme cruelty. The defendant by answer denied the charge, and by cross-petition alleged that the plaintiff was guilty of extreme cruelty. The trial court found generally for the plaintiff, awarded her an absolute divorce and permanent alimony, and dismissed the defendant's cross-petition. Motion for a new trial was overruled November 8, 1944, and defendant appealed to this court.

The cause was argued by counsel and submitted to this court on June 5, 1945, and on June 8, 1945, the defendant's death occurred, before a final decision and judgment in this court was rendered.

On June 9, 1945, a special administrator of the defendant's estate was appointed, and he presents to this court a motion to revive the action in his name, suggesting the death of defendant and praying for an order of revivor as to the property rights and permanent alimony awarded to the plaintiff, and upon hearing that such rights be fixed and determined, and upon payment thereof that the plaintiff be decreed to have no further interest in, or claim upon, the estate of the defendant now deceased.

To this motion the plaintiff filed her answer, admitting that the defendant died June 8, 1945, while the cause of action was pending in this court and before any final decision had been entered, and admitted the appointment of a special

administrator of the estate of defendant; denied that the alimony, as fixed and determined by the trial court, constituted a judgment which was in full and complete settlement and determination of the property rights of the parties. Plaintiff further charged that under the laws of Nebraska a divorce action cannot be revived, but that it is abated upon the death of either party, and prayed that the motion for revivor be dismissed and the action abated.

The first question to be determined on this appeal is whether or not the action should be revived in the name of the special administrator, especially with reference to the property rights as between the parties.

Section 25-322, R. S. 1943, provides that an action does not abate by the death of a party, if the cause of action survive. See *In re Estate of Samson*, 142 Neb. 556, 7 N. W. 2d 60, 144 A. L. R. 264.

The personal representative of the deceased urges the application of section 25-1402, R. S. 1943, which provides in part: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, * * * which shall abate by the death of the defendant."

In *Sovereign Camp, W. O. W. v. Billings,* 107 Neb. 218, 185 N. W. 426, it is said: "Though the statute cited, purporting to prevent the abatement of pending actions, be given a most liberal interpretation, it could not prevent an action in divorce from abating when death occurs at a time before a decree can become operative, for death would * * * destroy the subject-matter which forms the basis of the action."

And on page 221 this court said: "During the entire pendency of that decree, the marital relation continues. The decree cannot, under the law, take effect and dissolve the marriage until at the expiration of the six months' period. In order that a marriage status be dissolved by a decree of divorce, such status obviously must exist at the time of the taking effect of the decree. When the marriage relation is

extinguished by death prior to the time when the decree can go into effect, then the subject-matter, upon which the decree would otherwise have operated, is gone, and the parties to the suit manifestly can never be divorced by operation of law. The statute on abatement of actions, which provides that a pending action shall not abate by the death of a party, does not and cannot preserve the subject-matter of an action. A divorce action differs in character from every other. It is not based upon a claim for a money recovery, nor is it a proceeding for the establishment of property rights. Such other actions may ordinarily be as fully litigated, in favor of or against the estate of one of the parties, after the death of such party as before. There are salutary reasons why pending actions of that nature should not abate. But in a divorce action the money and property interests involved are only incidental to the principal object of the suit. Whether the object sought is a limited or an absolute divorce, the primary and underlying purpose of such action is a modification or dissolution of the marriage relation. The settlement of matters of permanent alimony and property rights is only the incidental means of carrying into effect the one ultimate object. Until the decree can become operative as a divorce, the provisions of the decree, as to those incidental matters, cannot go into effect."

In the case of *Westphalen v. Westphalen*, 115 Neb. 217, 212 N. W. 429, this court held: "A suit for divorce abates on the death of either party before final judgment, and is not subject to revivor." On page 219, this court said: "In such a case, it is not the interlocutory decree entered by the trial court that is controlling, but the final consideration thereof and decree entered by this court or directed by this court to be entered in the trial court, which annuls or continues the marital relations of the parties; and until such final consideration or decree, such original marriage relation continues."

In *Holmberg v. Holmberg*, 106 Neb. 717, 184 N. W. 134, where a divorce was granted and one of the parties died before the expiration of six months thereafter, such divorce

decree never became effective, and as to such divorce the action abated, and this court said: "The general rule in the United States is that a suit does not abate on the death of either party after a verdict or decision by the court, or of entering of an interlocutory judgment, when the cause of action survives. But where the cause of action does not survive, the action abates as if the death had occurred before the verdict or interlocutory judgment or decision, unless saved by a statute.

"An action for divorce does not survive. The purpose of the action being to dissolve the marriage relation, and that relation being dissolved by death, the proceedings after the death of one of the parties would be useless and of no avail."

And in closing the opinion the court said: "The ultimate purpose of the requested vacation of the divorce decree is to establish the defendant's property rights as the widow of the deceased plaintiff in his estate. All the avenues are open for the determination of such rights in the proper courts, where all the parties affected can be heard, and in such tribunals she can establish her status as the widow of the deceased plaintiff."

In 9 R. C. L., sec. 214, p. 414, it is said: "The primary object of suit for divorce is merely personal, that is, to change the status or relation of the parties to each other; to put an end to their relation of husband and wife. As incidental to that principal object the court has the power to make decrees relative to alimony, * * * . But all these are regarded as merely incidental to the decree of divorce sought, * * * . In case of the death of either party, therefore, the principal object can no longer be reached, for the marital relation has been already ended by the death. The court can no longer decree a divorce between parties one of whom has ceased to live, and with the failure of the principal object of the bill the incidents must also ordinarily fail. The suit abates absolutely on the death of a party before judgment and cannot be revived in the name of or against the representatives of the deceased party."

It is therefore apparent, under the holdings of this court,

that the appellant's contention that the action be revived in the name of the personal representative of his estate, is without merit and must be denied.

In *McCurley v. McCurley*, 60 Md. 185, 45 Am. Rep. 717, the wife brought action for divorce, which was resisted by the husband. Before a decree was finally entered, the husband died. Upon appeal the court held generally that upon his death before decree the suit abates. She is *eo instanti* simply then his widow, with the rights and liabilities as to his property, but interested now in its preservation; upon her husband's death her position toward even her own counsel is materially varied. See Annotation, 104 A. L. R. 667.

Section 42-340, R. S. 1943, provides that, when an appeal is taken in a divorce case, such decree shall not become final until such proceedings have been fully determined. See *Faris v. Hope*, 298 Fed. 727.

In 20 C. J. S., sec. 65, p. 318, it is said that if the suit abates by death of a party after judgment and pending an appeal, each party must bear his own costs incurred prior thereto, citing *Begbie v. Begbie*, 128 Cal. 154, 60 Pac. 667.

In *Jones v. Miller*, 35 Wash. 499, 77 Pac. 811, it is held: "Where the cause of action abates by the death of the party, the executor cannot be substituted and the cause retained on appeal for the purpose of determining the question of costs." See, also, *Millady v. Stein*, 19 Misc. 652, 44 N. Y. Supp. 408; Wells, Attorneys, sec. 192; 1 Am. & Eng. Ency. of Law, 958.

"If, under statutes giving the right to recover costs or disbursements as incidental to a judgment, the court is for any reason deprived of power to render judgment upon the issues presented by the pleadings of the parties, there can be no recovery of costs. Accordingly, it is held that if a suit is abated by the death of a party, no judgment for costs may be entered in favor of the survivor. Each of the parties must bear his own costs. The rule applies where the action abates after judgment and pending an appeal." 14 Am. Jur., sec. 13, p. 11. See, also, 20 C. J. S., sec. 65, p. 318; 27 C. J. S., sec. 226, p. 937.

In the opinion of this court, the pending action for divorce having abated, the motion for revivor is denied and the action is dismissed for the reason that the action has abated.

MOTION FOR REVIVOR DENIED AND
ACTION DISMISSED.