**Mary Ann LIZAKOWSKI, Plaintiff and Appellant,**

v.

**George LIZAKOWSKI, Defendant and Appellee.**

**Civ. No. 9956.**

Supreme Court of North Dakota.

June 25, 1981.

568

Shirley A. Dvorak, of Mack, Moosbrugger, Ohlsen, Dvorak & Senger, Grand Forks, for plaintiff and appellant.

Ted Maragos, Grand Forks, for defendant and appellee.

VANDE WALLE, Justice.

On February 4, 1981, Mary Ann Lizakowski filed a notice of appeal of a judgment entered in the district court of Walsh County on February 20, 1980. George Lizakowski has filed a motion to dismiss the appeal because the notice of appeal was not filed within the time allotted for appeal of a judgment. The motion to dismiss the appeal is granted.

Mary Ann was granted a divorce from George in the judgment entered on February 20, 1980. In addition to granting Mary Ann an absolute decree of divorce, the judgment divided the property accumulated by the couple during their marriage. Mary Ann was represented by Jay D. Mondry, an attorney licensed to practice in Minnesota but not in North Dakota. The trial court's memorandum opinion and findings of fact and conclusions of law did not specify which party was to prepare the judgment, but the judgment was prepared by Mondry, and on February 14, 1980, the original and a copy of the judgment were forwarded by counsel to the clerk of the district court for signature and entry by the clerk. In addition to the judgment Mondry enclosed a letter addressed to Mr. Maragos, George's counsel, signed by Mondry and dated February 19, 1980, which read:

"Enclosed and duly served upon you by United States Mails is a true and correct copy of the Judgment and Decree in the above noted action."

In a separate letter dated February 14, 1980, addressed to the clerk of court, Mondry stated, in part:

"I am also enclosing a letter to Attorney Maragos, and I would appreciate it if you would enclose an executed copy of the Judgment and Decree with the letter to Attorney Maragos."

Also on February 14, 1980, Mondry addressed a letter to Maragos, stating, in part:

"I am enclosing herein a photostatic copy of the Judgment and Decree, and you should be receiving an executed copy of the same shortly from the Walsh County Clerk of District Court."

The clerk forwarded the letter dated February 19, 1980, from Mondry to Maragos and an executed copy of the judgment and decree of divorce, to Maragos as Mondry requested. Mondry served no further notice of entry of judgment upon George or his attorney.

Mary Ann was apparently dissatisfied with the judgment and the distribution of property contained therein. In January 1981, Mary Ann contacted her present counsel. After reviewing the file and finding no "notice of entry of judgment" therein, Mary Ann's counsel prepared, served, and filed a notice of entry of judgment and a notice of appeal on February 5, 1981. George's counsel filed a motion to dismiss the appeal, alleging as ground for the dismissal our lack of jurisdiction to hear the appeal because the notice of appeal was not timely filed in accordance with Rule 4(a), N.D.R.App.P.[1]

Mary Ann argues that because no notice of entry of judgment was served until February 5, 1981, when her current attorney served George's attorney with such a notice, the time in which an appeal may be filed under Rule 4(a) did not commence until that date. She bases her argument on Rules 58 and 77, N.D.R.Civ.P. Rule 58 provides, in part:

"The judgment in all cases shall be entered and signed by the clerk in the judgment book; this entry constitutes the entry of the judgment; and the judgment is not effective before such entry."

Rule 77(d) provides:

"Within 10 days after entry of judgment in an action in which an appearance

1. Rule 4(a), N.D.R.App.P., provides, in part:
"In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 60 days of the date of the service of notice of entry of the judgment or order appealed from."

has been made, notice of such entry, together with a copy of such judgment or a general description of the nature and amount of relief and damages thereby granted, shall be served by the prevailing party upon the adverse party."

Mary Ann contends that her attorney's letter to Maragos, mailed by the clerk of district court at her attorney's request, does not constitute a notice of entry of judgment. We do not agree but we discuss the contentions put forth by Mary Ann in support of her argument.

■ Mary Ann notes that the trial court did not specify who was to prepare the judgment and decree and that she was not the prevailing party. Her argument at least implies that because she believes she was not the prevailing party the preparation of the judgment and the letter to Maragos by her attorney was not in accordance with Rule 77. In many instances both parties to a divorce contend they have not prevailed because they have not been awarded the amount of property they desire, or the custody of the children of the marriage was improperly awarded, or for other reasons. Mary Ann was granted the divorce she sought as well as a share of the property she and George owned. But we need not consider whether or not Mary Ann was the prevailing party because her attorney did prepare and forward the judgment and decree to the clerk of court. She cannot now, in this proceeding, argue that her attorney should not have done so because she was not the prevailing party.

Mary Ann sets forth the following specific instances in which she alleges fatal procedural errors on the part of her former attorney which prevented the time for appeal from beginning in February 1980:

■ 1. Rule 77, N.D.R.Civ.P., contemplates that the attorney shall serve the notice of entry of judgment, and Mary Ann argues that because the clerk, rather than Mondry, forwarded the copy of the judgment to Maragos, no proper notice of entry was given. We do not agree. Rule 77 requires that the notice of entry of judg-

ment is to be "served" upon the adverse party. Our rules indicate how service is to be accomplished. Rule 5(b), N.D.R.Civ.P., provides, in part:

"Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address ... Service by mail is complete upon mailing."

Because Mondry caused the letter notifying Maragos that judgment was entered to be mailed to Maragos and caused a copy of the judgment to be included with that letter, the requirements of Rule 77 were met. The letter informing Maragos of the entry of judgment and containing a copy of the judgment was mailed by the clerk of district court *at the specific request of Mondry*, Mary Ann's attorney. She cannot now complain that this method of notifying George's counsel of the entry of judgment was inadequate in order that she might extend the time in which she can appeal. The method used by Mondry was adequate compliance with Rules 77 and 58 although the procedure used was not the customary nor the preferred method of sending a separate notice of entry of judgment.

■ 2. Mary Ann next urges that because there was no affidavit of mailing of the letter from Mondry there was no service. She argues that the affidavit of mailing is critical for an adverse party to determine when the time for appeal is to begin and in determining the exact number of days within which to file the notice of appeal should the party being served wish to appeal. This is a rather peculiar argument in that it was Mary Ann's attorney who caused the letter to be served upon George's attorney. It is Mary Ann who wishes to appeal—not George. A party may not take advantage of his own wrong. Sec. 31–11–05(8), N.D.C.C. Mary Ann cites this court's decision in *Matter of Estate of Honerud*, 288 N.W.2d 767 (N.D.1980), in support of her position. In that case appellee had served the notice of appeal by mail, thus causing the additional three days provided by Rule 26(c), N.D.R.Civ.P., to be added to the 60 days in which appellant could file the notice of appeal. Subsequent to appellant's

receiving the notice of appeal by mail the appellee served appellant in person. The notice of appeal was filed within 63 days of the service by mail but not within 60 days of the personal service. We refused to dismiss the appeal, stating:

"Although there is nothing in the rules which prohibits personal service being made after service by mail, fairness dictates that it should be done in a manner that will be sure to alert counsel of the personal service. There is a risk in serving an unnamed person that there would be difficulty in proving the adequacy of the service. Proof of personal service in any manner other than by sheriff's certificate thereof, or by admission of service, can be questioned, placing this court in the distasteful situation of having to weigh one counsel's word against the other's." 288 N.W.2d at 768.

Here, if there is any unfairness in the method of service it would be George who would be entitled to raise that issue. He has not done so. Mary Ann cannot take advantage of her attorney's action in order to raise an issue of unfairness of the service of the notice of entry of judgment upon George and thereby extend the time in which she can take an appeal. If Mary Ann was not aware of the time of service of the notice of entry of judgment her attorney was, and she cannot separate her rights from the actions of her attorney.

Proof of service by mailing is accomplished by an affidavit of mailing executed pursuant to the provisions of subsections (h), (i), and (j) of Rule 4, N.D.R.Civ.P. This affidavit is not part of the notice of entry of judgment although it does serve as proof of the mailing.[2]

Although the letters to which George makes reference are not part of the record certified to us by the clerk of the district court, they were presented as part of the motion to dismiss the appeal through affidavit of Mondry, Mary Ann's former attorney, as well as affidavit of Rita J. Boyce, a secretary in Mondry's law office. Mary Ann does not take issue with the fact these letters were actually mailed and received, as discussed above. She does argue that because there was no document entitled "notice of entry of judgment" and no affidavit of mailing in the district court file, she was unaware of the specific date on which the time to file a notice of appeal began to run. However, had Mary Ann contacted her attorney, Mondry, that matter would have been clarified for her. George has not complained about the inadequacy of the notice of entry of judgment.

■ 3. Mary Ann also contends that a notice of entry of judgment is a separate, formal document, similar to a notice of appeal, notice of taking of deposition, etc. We find no such formalistic requirement in the rules. There is no doubt, as Mary Ann argues, that our rules require a written notice of entry of judgment. Thus in *Dietz v. Dietz*, 65 N.W.2d 470, 473 (N.D.1954), cited by Mary Ann, the court stated:

"Where a party has appeared in an action, the time for appeal from a judgment or order does not commence to run until written notice of entry thereof has been given. [Citations omitted.] We have carefully searched the entire record *for some evidence of such written notice and find none.*" [Emphasis supplied.]

Here, there is evidence of written notice. A notice of entry of judgment is simply written notice that judgment has been entered. The letter from Mondry, Mary Ann's attorney, to Maragos, George's attorney, does just that and, under our rules, the date of the mailing of that letter is the start of the time in which a notice of appeal can be filed.

■ 4. Finally, Mary Ann notes that Rule 58, N.D.R.Civ.P., requires that the judgment is to be entered and signed by the clerk of district court in the judgment book, that this entry constitutes the entry of judgment, and that the judgment is not effective before such entry. She points out

---

**2.** Compare with Section 30–26–03, N.D.C.C., governing appeals from a proceeding in county court, in which the statute requires that in order to effect an appeal the appellant must cause a notice of the appeal to be served on each of the other parties and must file such notice with the proofs of service. See *In re Bjerke's Estate,* 137 N.W.2d 225 (N.D.1965).

that the copy of the judgment attached to George's motion does not indicate when the judgment was entered in the judgment book by the clerk. However, the judgment in the record certified to this court by the clerk of district court carries a notation that the judgment was filed in the office of the clerk of district court of Walsh County at 11 a. m., February 20, 1980, and recorded on page 373 of book 24. The notation is signed by the deputy clerk of court. We therefore conclude there was compliance with Rule 58.

■ We have said that the time prescribed by a rule within which an appeal may be taken from a judgment is mandatory and jurisdictional. See, e. g., *City of Grand Forks v. Henderson*, 297 N.W.2d 450 (N.D.1980). The time in which Mary Ann could take an appeal began with the mailing of the letter from her attorney to George's attorney of February 20, 1980, informing him that judgment had been entered. It expired long before the notice of appeal was filed on February 5, 1981.

The motion to dismiss the appeal is granted.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.