Doris Elaine THORSON, Plaintiff,

Estate of Doris Elaine Thorson, by and through its Personal Representative Debra Ann Meyers, Intervenor and Appellant,

v.

Allen Leroy THORSON, Defendant and Appellee.

Civ. No. 950114.

Supreme Court of North Dakota.

Jan. 3, 1996.

Daniel J. Chapman, Chapman and Chapman, Bismarck, for intervenor and appellant.

Bryan Van Grinsven, Farhart, Lian, Maxson, Louser & Zent, Minot, for defendant and appellee.

VANDE WALLE, Chief Justice.

The Estate of Doris Thorson appealed from an order dismissing Doris Thorson's action for divorce. We conclude an action for divorce abates on the death of a party and we affirm.

On March 14, 1994, after nineteen years of marriage, Doris Thorson filed for divorce from Allen Thorson. Although each had children from previous marriages, no children were born of this marriage, the second marriage for both parties. At the time of their marriage, Doris had been diagnosed with leukemia but it was in remission for several years during the marriage. Prior to filing for divorce, however, Doris's symptoms of leukemia returned, and she chose not to seek further treatment.

Under an amended interim order, Allen and Doris were restrained from disposing of or encumbering any of the real or personal property, except as might be necessary in the ordinary course of business. Doris filed a motion, dated August 5, 1994, to compel the sale of the marital home which Doris and Allen held in joint tenancy. The parties had signed a listing agreement to sell the house for $39,500. In her affidavit in support of the motion, Doris stated that the parties had received a written offer to purchase the home for the full listing amount, but that Allen had refused to cooperate in the sale.

Doris further explained that she suffered from leukemia and, fearing that she did not have long to live, felt "entitled to receive something from the marital estate that [she] might enjoy before [her] death...." Allen opposed the sale and stated in his affidavit that he withdrew his consent to the sale when he discovered that the price listed in the signed agreement was less than $45,000. After a hearing on the motion on August 16, 1994, the trial court denied Doris's motion.

On August 18, 1994, Doris filed a Certificate of Readiness. Allen filed a Certificate of Non–Readiness, dated August 22, 1994, stating that discovery had not been completed and that more time was needed to prepare for trial. Doris died August 24, 1994.

A motion was filed to substitute Debra Meyers, Doris Thorson's daughter and the personal representative of Doris Thorson's estate, as the Plaintiff in the divorce action to pursue the equitable distribution of the marital property. Allen opposed the motion and moved for dismissal claiming that, under section 14–05–01(1), NDCC, the marriage was dissolved by Doris's death; thus, the divorce action was moot. On October 19, 1994, the trial court issued an order denying Plaintiff's motion and granting dismissal. The trial court held "the cause of action for divorce, along with the incidental right to pursue property interests, abates with the death of a party. Where no dispositive order relating to permanent disposition of the property of a marriage has been made at the time of death, no issue survives." Arguing that Plaintiff did not have "an appropriate chance to respond" to the motion for dismissal, the personal representative moved the trial court to reconsider. The trial court reconsidered its order but issued a second order on October 25, 1994, dismissing the action. On April 18, 1995, a Notice of Appeal was filed.

■ Allen moved to dismiss the appeal as untimely under Rule 4(a), N.D.R.App.P., which provides:

"In a civil case the notice of appeal ... shall be filed with the clerk of the trial court within 60 days of the date of the service of notice of entry of the judgment or order appealed from...."

We have said that, ordinarily, the time for appeal begins when notice of entry is served. *See, e.g., Morley v. Morley,* 440 N.W.2d 493, 494 (N.D.1989). The North Dakota Rules of Civil Procedure provide that the counsel for the prevailing party is responsible for serving notice of entry. N.D.R.Civ.P. 77(d); *Morley,* 440 N.W.2d at 494 (citing Rule 77(d) and its explanatory note); *Lizakowski v. Lizakowski,* 307 N.W.2d 567, 571 (N.D.1981) [noting that the rules do not require a separate, formal document to provide notice of entry of judgment; rather, such notice is "simply written notice that judgment has been entered"]. Here, Allen's attorney did not serve notice of entry for either October order. As in *Morley,* regular procedures were not followed.

■ Nonetheless, we recognize that "irregular procedures do not extend the time for appeal indefinitely. Actual knowledge of entry of an order, when clearly evidenced by the record, commences the running of the time for appeal." *Morley,* 440 N.W.2d at 495 [citing *Lang v. Bank of North Dakota,* 377 N.W.2d 575 (N.D.1985) ]. Allen asserts that the time for appeal began October 25, 1994, when the trial judge issued and served copies of the second order of dismissal to the parties' attorneys, as evidenced in the record by an affidavit of service by mail prepared on behalf of the Williams County District Court. Citing precedent, Allen argues that actual knowledge has been recognized under various circumstances and asserts that, in this instance, the trial court's affidavit of mailing gave the personal representative actual knowledge of entry of the order. However, in prior cases, the factual predicate for determining that an appealing party had actual knowledge of entry of the judgment or order has included some action taken by the appealing party, as clearly evidenced in the record. *See Morley,* 440 N.W.2d at 494–95 (appealing party's stipulation to cancel a hearing showed she had actual knowledge of custody modification order); *Lang,* 377 N.W.2d at 577–78 (time for appeal began when Lang filed an application for a writ of mandamus); *Klaudt v. Klaudt,* 156 N.W.2d 72, 76 (N.D.1968) [time for appeal began when appealing party filed notice of motion to vacate the original judgment]. An affida-

vit of mailing may be record notice but it does not equate with actual notice under these precedents establishing an exception to the requirement of service of notice of entry of judgment by the prevailing party.

We conclude that actual knowledge of entry of the judgment or order requires action evident on the record on the part of the appealing party. We are then assured that the appealing party indeed had knowledge even though regular procedures were not followed. In this instance, the affidavit of mailing was filed by the trial court.[1] Following the trial court's affidavit, there were no entries in the record until April 6, 1995, when the Plaintiff's attorney stipulated to substitution of counsel. Twelve days later, the personal representative filed a Notice of Appeal. Thus, April 18, 1995, was the first time that the record clearly evidenced that Plaintiff had actual knowledge of entry of the order, consequently the appeal is timely.

The personal representative for Doris's estate argues that the divorce action, in essence the equitable distribution of property, was not abated by Doris's death. The appellant cites section 28–01–26.1, NDCC, which provides "[n]o action or claim for relief, except for breach of promise, alienation of affections, libel and slander, abates by the death of a party. . . ." Because this section does not include divorce, the personal representative claims that the trial court erred when it dismissed the divorce action. Allen asserts, however, that marriage can be dissolved either by the death of one of the parties or by divorce. N.D.Cent.Code § 14–05–01. Allen contends that the pending divorce action was rendered moot by Doris's death.

The personal representative acknowledges that the greater weight of authority holds that a divorce action is abated upon the death of one of the parties. *See In re Marriage of Allen,* 8 Cal.App.4th 1225, 10 Cal. Rptr.2d 916, 918 (1992) [noting that when a party dies before dissolution of the marriage, the "action must abate and the court can make no further orders with respect to property rights, spousal support, costs or attorney fees"]; *Oliver v. Oliver,* 216 Iowa 57, 248 N.W. 233, 234 (1933) [stating that death ends marital status; if a divorce decree has not been entered prior to death, then one can never be entered]; *Williams v. Williams,* 146 Neb. 383, 19 N.W.2d 630 (1945); *Peterson v. Goldberg,* 146 Misc.2d 474, 550 N.Y.S.2d 1005, 1007 (Sup.Ct.1990) [recognizing that a divorce action abates upon the death of one of the parties prior to judgment of divorce because "the cause of action for divorce is personal, and upon death, the marriage is terminated"], *aff'd,* 180 A.D.2d 260, 585 N.Y.S.2d 439 (1992); *Pellow v. Pellow,* 714 P.2d 593, 597 (Okl.1985) [stating that the court is, in effect, deprived of jurisdiction in a divorce action when a spouse dies before the entry of a final decree]; *Larson v. Larson,* 89 S.D. 575, 235 N.W.2d 906 (1975); *see also* Annotation, *Effect of Death of Party to Divorce or Annulment Suit Before Final Decree,* 158 A.L.R. 1205 (1945) [stating that the "settled rule" is that a divorce action, before the entry of a final decree, abates upon the death of one of the parties].

In *Larson,* the court cited a statute similar to section 14–05–01, NDCC, and stated:

"[Marriage] is terminated in only two ways—death or divorce. Death having come in advance of any judicial decree the [marriage] was thereby severed. Thereafter there was no [marriage] upon which the decree could work. The law in this state is as it is in many others: in a suit for divorce where the death of one of the parties to the suit occurs before a decree of divorce has been issued the action abates and the jurisdiction of the court to

---

1. We note that in *Lizakowski v. Lizakowski,* 307 N.W.2d 567 (N.D.1981), Mary Ann Lizakowski's appeal was deemed untimely when the clerk of the trial court mailed notification that the judgment was entered. But, in *Lizakowski,* Mary Ann's attorney, in addition to sending a copy of the proposed judgment and decree directly to George Lizakowski's attorney, specifically requested the clerk of district court to forward a letter giving notification of entry of the judgment to him, which we concluded fulfilled the requirements of Rule 77. Thus, we were not required to decide whether Mary Ann had actual knowledge in that case, because "written notice" was given. But, here, Doris's attorney did not cause or request the trial court to issue the "affidavit of service." Such a deviation from procedure does not comply with Rule 77.

proceed with the action or to make further determination of property rights, alimony, costs or attorney's fees is terminated."

*Larson,* 235 N.W.2d at 909 (citations omitted).

In *Williams,* a party died while a cause of action for divorce was pending and before a final decision had been entered. 19 N.W.2d at 631. The personal representative for the deceased party argued that the divorce action was not abated because a statute very similar to section 28–01–26.1, NDCC, did not include divorce. The court explained that the statute could not prevent a divorce action from abating when death " 'destroy[s] the subject-matter which forms the basis of the action.' " *Id.* at 632 [quoting *Sovereign Camp, W.O.W. v. Billings,* 107 Neb. 218, 185 N.W. 426, 427 (1921) ].

■ Likewise, in North Dakota, marriage is a relationship personal to the parties of the marriage. N.D.Cent.Code § 14–03–01. Under section 14–05–01, NDCC, Doris's and Allen's marriage was dissolved by Doris's death. Upon the death, there was no longer a marriage for the trial court to dissolve with a judgment decreeing a divorce. A court will make an equitable distribution of the real and personal property when a divorce is granted. N.D.Cent.Code § 14–05–24. In a divorce action, the equitable distribution of property is incidental to a judgment of divorce. Because the marriage was dissolved by death and not by divorce, the trial court did not err when it held that there was no longer a marriage to be dissolved and, therefore, no issue of property distribution remaining before the court.

■ Doris's estate next seeks equitable relief, arguing that she be permitted to prove that Allen intentionally prolonged the divorce proceedings so that, upon Doris's death, he could benefit as the sole survivor of the joint tenancy. Although courts have jurisdiction to provide a remedy where none exists at law, courts "tread carefully when entering the realm of equitable remedies." *Burr v. Trinity Medical Center,* 492 N.W.2d 904, 908 (N.D.1992); *Matter of Estate of Hill,* 492 N.W.2d 288 (N.D.1992). After our review of

the record, we conclude that equitable relief is not warranted.

We affirm the trial court's order of dismissal.

SANDSTROM, J., concurs.

LEVINE, Justice, concurring.

This case offers a practical solution to the dilemma presented by the need for lawyers to know when the time for appeal begins to run, on the one hand, and, on the other hand, the need for the court to apply some closure to a case where the lawyers fail to timely serve notice of entry of judgment or order. Customarily, lawyers have relied on service of notice of entry as the trigger for the time to appeal. This case establishes that that customary reliance is not foolproof. When no entry of judgment or order is served, or when it is served after appellant's actual knowledge of entry of judgment or order, appellant's actual knowledge of entry of judgment or order will trigger the time to appeal. Proof of appellants' "actual knowledge" of entry of judgment or order "requires action evident on the record on the part of the appealing party."

I am satisfied that this resolution is reasonable and necessary and I therefore abandon my dissent in *Morley v. Morley,* 440 N.W.2d 493 (N.D.1989) and concur in the majority opinion. To paraphrase Justice Jackson: Things do not appear to me now as they did then. *See McGrath v. Kristensen,* 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 (1950)(Jackson, J., concurring).

MESCHKE, Justice, specially concurring.

I agree with the majority's conclusion that a spouse's death dissolves a marriage and ends a pending divorce action. There are ways to sever joint tenancies without violating a restraint against disposing of marital property and to plan devise of the individual's property after death, subject to the elective share of the surviving spouse. *Compare* NDCC 47–10–23 and ch. 30.1–05. No purpose would be served by litigating division of marital property after the death of a spouse under the rules for division during life.

Still, I would not decide that question here because I believe this appeal came too late. In my opinion, it would be preferable to dismiss this appeal as untimely.

The filed affidavits here attested to service on each attorney by mailing copies of the trial court's orders granting dismissal and denying the reconsideration. I understand the majority concludes that these filed "affidavit[s] of service by mail prepared on behalf of the Williams County District Court" do not constitute "actual knowledge of entry of the judgment or order ... evident on the record on the part of the appealing party." While the majority recognizes that an "affidavit of mailing may be record notice," the majority concludes it is not "actual notice" because it was not "served by the prevailing party upon the adverse party" in keeping with NDRCivP 77(d) for a judgment entered by the clerk. In my opinion, this ruling is too formalistic, will unsettle common practices of attorneys and judges, and will undermine the presumption of notice by mail that is explicit in our rules for orders.

A judge needs to communicate his written orders to all of the attorneys in the case when entered, and is equally bound by the rules of procedure. *See* N.D.Code of Judicial Conduct 3(B)(7) ("A judge shall not initiate ... ex parte communications ...."); *id.* 2(A) ("A judge shall respect and comply with the law...."). Whatever the rule for giving notice of a judgment entered by the clerk, the rule for giving notice of an order was plainly followed here.

"Except as otherwise provided in these rules, every order required by its terms to be served, ... and similar paper shall be served upon each of the parties." NDRCivP 5(a). "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service must be made upon the attorney unless service upon the party is ordered by the court." NDRCivP 5(b). "Service upon the attorney ... must be made by ... mailing it to the attorney ... at the attorney's ... last known address...." *Id.* "Service by mail is complete upon mailing." *Id.* "Proof of service under this rule may be made as provided in Rule 4 or by certificate of an attorney show-

ing that the attorney has made service pursuant to subdivision (b)." NDRCivP 5(f). "An affidavit of mailing required by this rule must state that a copy of the ... order of court, or other paper to be served was deposited by the affiant, with postage prepaid, in the United States mail and directed to the party shown in the affidavit to be served at the party's last reasonably ascertainable post office address, showing the date and place of depositing...." NDRCivP 4(j). The affidavits of service by mailing in this case literally comply with the rules and prove service of notice.

Service is notice, and notice is knowledge. It is presumed that "a letter duly directed and mailed was received in the regular course of the mail," though it "may be contradicted by other evidence." NDCC 31–11–03(24). When the law prescribes mail notice as a method of giving information, the receipt of a letter containing the information is conclusive proof of knowledge. *Mund v. Rambough*, 432 N.W.2d 50, 54 (N.D.1988) (quoting *Brown v. Otesa*, 80 N.W.2d 92, 99 (N.D. 1956)). Here, present counsel for Doris Thorson's personal representative does not contest that prior counsel received the orders in the mail. *See State v. Tininenko*, 371 N.W.2d 762 (N.D.1985). Appellant's position is evident from his Brief on Motion to Dismiss Appeal that frames the argument thus: "The issue, then, boils down to the question: 'Will the North Dakota Supreme Court extend the "actual knowledge" standard to include notice from a member of the court clerk's staff?'" In my opinion, the judge's secretary's affidavit of service by mail proves effective notice under the rules as much as one by a lawyer's secretary.

Moreover, the majority's decision that the affidavit of mailing was not "actual notice," because the notice was not "served by the prevailing party upon the adverse party" under NDRCivP 77(d), ignores the Code definition of "actual notice": "Actual notice shall consist in express information of a fact." NDCC 1–01–23. Here, the record shows that both attorneys had "express information" that the orders had been entered by the trial court, and they therefore had "actual notice."

Therefore, this is an "actual notice" case, unlike *Morley*, where there was no evidence at all that any notice was served. It is true that counsel for the prevailing party usually serves notice of a judgment entered by the clerk. NDRCivP 77(d). Where there is an order for entry of a judgment not intended to be final and appealable by itself, it is necessary for the prevailing party to have the clerk enter a judgment and for the attorney for that party to give notice of it to the attorney for the adverse party. *Midwest Federal Sav. Bank v. Symington*, 393 N.W.2d 753 (N.D.1986); *Brown v. Will*, 388 N.W.2d 869 (N.D.1986). Yet an order of dismissal that is intended to be final is appealable without the redundant act of entering and noticing a judgment of dismissal. *Timmerman Leasing, Inc. v. Christianson*, 525 N.W.2d 659, 660 n. 1 (N.D.1994); *Sime v. Tvenge Assocs. Architects & Planners, P.C.*, 488 N.W.2d 606, 608 (N.D.1992). As *Morley*, 440 N.W.2d at 495, explained, under NDRCivP 58, as amended in 1988, formal entry of a separate judgment by the clerk of court is no longer necessary unless judicial action directs it.

When the record shows an attorney has received notice of entry of an order by a mailed copy, I see no need to formalistically require the "prevailing attorney" (sometimes difficult to identify) to go through the redundant procedures of preparing additional formal documents to give another notice of entry. Of course, many careful practitioners will take pains to do so, but I believe the common practice for orders is to rely on what the judge has done.

In any event, form should not control function. It really should not matter where the notice comes from, as long as the record clearly shows the notice was given. *See* NDCC 1–01–12 ("Where a form is prescribed, deviations therefrom not affecting the substance or calculated to mislead does not vitiate the form used."). To make a formalistic distinction that it is okay for the court to give the notice if the prevailing attorney asks it to do so, as in *Lizakowski v. Lizakowski*, 307 N.W.2d 567 (N.D.1981), but not if the court does it on its own initiative, as here, has nothing to do with the fact that

the adverse attorney received notice. Here, the record shows, through a secretary's affidavit, that copies of the orders were mailed to the attorneys, and the statutory presumption says they received them. That is all our rules require. I believe it is enough here.

In this case, I believe that notices of entry of the final orders were given by mail, are evidenced by the affidavits of service in this record, and fully comply with the rules of procedure on service of notice of entry of orders. Whenever a court sends the attorneys a copy of an order, and the service complies with NDRCivP 5 and is evidenced in the record, there has been sufficient notice. Therefore, I would dismiss this appeal as untimely.

NEUMANN, J., concurs.