# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 180

Devin J. Heisler,  Plaintiff and Appellee

v.

Natasha W. Reiger,  Defendant and Appellant

and

The State of North Dakota,  Statutory Real Party in Interest

### No. 20250133

Appeal from the District Court of Towner County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Sydney E. Bata, Grafton, ND, for plaintiff and appellee; submitted on brief.

Elise A. Fischer, Bismarck, ND, for defendant and appellant; submitted on brief.

**Heisler v. Reiger**
No. 20250133

**Jensen, Chief Justice.**

[¶1]   Natasha Reiger appeals from a judgment and decree of paternity that awarded primary residential responsibility of her child to the child's father, Devin Heisler, as well as establishing a stepped parenting schedule for Reiger, and awarding some primary decision-making authority to Heisler. Reiger also appeals from the district court's subsequent denial of her post-trial motion seeking relief under both N.D.R.Civ.P. 59 and N.D.R.Civ.P. 60(b). We affirm the judgment and decree of paternity.

I

[¶2]   Reiger and Heisler had a relationship that resulted in the March 2023 birth of a daughter. Both parties admit they had issues with drugs during their relationship; both parties subsequently made or were making attempts to end their use of drugs. In July 2023, Heisler initiated a complaint asking to be awarded primary residential responsibility of his daughter and primary decision-making responsibility. The district court held a bench trial in April 2024. The two primary witnesses at the bench trial were Reiger and Heisler.

[¶3]   Following the bench trial, the district court entered detailed findings of fact, conclusions of law, and an order for judgment awarding Heisler primary residential responsibility of his daughter, a stepped parenting schedule for Reiger, and some primary decision-making responsibility to Heisler. In part, the court made a credibility determination against Reiger about whether she was still engaged in substance abuse.

[¶4]   A final judgment and decree of paternity was entered on May 23, 2024. A notice of entry of judgment was served on May 24, 2024. On June 19, 2024, Reiger filed a post-trial motion invoking both N.D.R.Civ.P. 59 and N.D.R.Civ.P. 60(b). The district court held a hearing on the post-trial motion in October 2024 and entered an order denying the motion on December 19, 2024. The clerk of district court served both parties with the order denying the post-trial motion on that same date.

1

[¶5]   On February 10, 2025—after Heisler had failed to do so as the prevailing party—Reiger served a notice of entry regarding the order denying her post-trial motion to start the clock running for the time to appeal under N.D.R.App.P. 4(a)(1). Reiger then filed an appeal from both the original judgment and the order denying her post-trial motion on April 9, 2025.

II

[¶6]   Before addressing the merits of Reiger's appeal, we address Heisler's request to dismiss the appeal as untimely. Heisler contends this appeal is untimely and should be dismissed because it was filed more than 60 days after notice of entry of the original judgment, and more than 60 days after the clerk of district court had served both parties with the order denying Reiger's post-trial motion pursuant to N.D.R.Ct. 3.5(e)(5).

[¶7]   The time for Reiger to appeal from the original judgment was extended beyond 60 days from the service of the notice of entry of the original judgment on May 24, 2024, because she filed a motion invoking both Rules 59 and 60 of the North Dakota Rules of Civil Procedure twenty-six days later on June 19, 2024. *See* N.D.R.Civ.P. 59(c)(2) (indicating a Rule 59 motion brought on any ground is timely if brought within 60 days after notice of entry of judgment); N.D.R.App.P. 4(a)(3) (extending the time to appeal following a timely Rule 59 motion, and extending the time to appeal following a Rule 60 motion if "filed no later than 28 days after notice of entry of judgment."). When a motion under Rule 59 is brought within 60 days of the service of the notice of entry of judgment or Rule 60 motion is brought within 28 days of the service of the notice of entry of judgment, the "full time to file an appeal runs for all parties from service of notice of the entry of the order disposing of the last such remaining motion[.]" N.D.R.App.P. 4(a)(3)(A). Here, the notice of entry of the order disposing of the post-trial motion was served on February 10, 2025, so the appeal filed within 60 days of that date on April 9, 2025, was timely as to both the original judgment and the order denying the post-trial motion.

[¶8]   Heisler contends the clerk of district court's service of the order denying the post-trial motion on December 19, 2024, should satisfy the notice of entry

requirements of N.D.R.App.P. 4. In *Thorson v. Thorson*, 541 N.W.2d 692 (N.D. 1996), this Court held the 60-day period for filing a notice of appeal will start to run in the absence of a notice of entry only when the record clearly shows the appealing party had actual knowledge of the order, evidenced by some affirmative action taken by the appealing party that demonstrates actual knowledge. *Id.* at 694-95. The Court further held that the affidavit of mailing from the trial court in that case (the functional equivalent of the email notice the clerk of district court provided here pursuant to N.D.R.Ct. 3.5(e)(5)) "does not equate with actual notice under these precedents establishing an exception to the requirement of service of notice of entry of judgment by the prevailing party." *Id.* at 695.

[¶9]   Similar to *Thorson*, 541 N.W.2d 692, there is no evidence in this record of an affirmative action taken by the appealing party to show actual knowledge of the entry of the order denying the post-trial motion until Reiger's counsel filed the notice of entry of order on February 10, 2025. Thus, February 10, 2025 "was the first time that the record clearly evidenced that [Reiger] had actual knowledge of entry of the order[.]" *Id.* at 695. We decline to equate the email notice the clerk of district court provided pursuant to N.D.R.Ct. 3.5(e)(5) with actual notice for purposes of the exception mentioned in *Thorson* and the other precedents referenced therein. The appeal filed within 60 days of February 10, 2025, was timely.

III

[¶10] In her appeal of the judgment, Reiger argues the district court erred by: (1) awarding primary residential responsibility to Heisler; (2) providing her a stepped parenting time schedule; and (3) awarding some aspects of primary decision-making authority to Heisler. After our review of the record, we conclude the judgment of the court is supported by findings meeting the required standard of proof and affirm under N.D.R.App.P. 35.1(a)(2).

[¶11] As to Reiger's appeal of the order denying her post-trial motion, our review of the record does not reveal any manifest abuse of discretion by the

district court, *see, e.g.*, *Rath v. Rath*, 2018 ND 138, ¶ 9, 911 N.W.2d 919, and we also affirm that decision under N.D.R.App.P. 35.1(a)(2) and (4).

IV

[¶12] The appeal was timely, but there are no issues raised on appeal that warrant extended discussion. The judgment and decree of paternity of the district court is affirmed pursuant to N.D.R.App.P. 35.1(a)(2) and (4).

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr