FARMERS & MERCHANTS NATIONAL BANK, Plaintiff and Appellee,

v.

Althea OSTLIE, Defendant and Appellant.

Civ. No. 10406.

Supreme Court of North Dakota.

July 14, 1983.

---

Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, for plaintiff and appellee; argued by John S. Foster, Grand Forks.

Murray, Olson, Larivee, Bohlman & Engen, Grand Forks, for defendant and appellant; argued by Bruce E. Bohlman, Grand Forks.

ERICKSTAD, Chief Justice.

This is an appeal from a summary judgment entered by the District Court of Grand Forks County, on February 10, 1983, awarding to the plaintiff, Farmers and Merchants National Bank (Farmers), recovery on a promissory note signed by the defendant, Althea Ostlie. On appeal, Althea contends that the summary judgment was improper in this case because there are material factual issues in dispute which entitle her to a trial on the merits. We reverse the summary judgment and remand for further proceedings.

It is undisputed that Althea signed a promissory note in favor of Farmers under which Althea is the apparent maker and principal. Althea asserts, however, that the parties understood she was only signing the note as a surety for her son, Neil Ostlie, and that Neil was to be primarily liable for repayment of the note with Althea being responsible for payment only in the event that Farmers could not collect from Neil. Althea asserts that the purpose of this understanding or agreement was to allow Neil, who had already borrowed the maximum "legal limit" from Farmers, to borrow additional money from the bank. Althea

asserts that under Section 22–03–02, N.D. C.C., the district court should have allowed her to introduce evidence to show that she was a surety only and not a principal on the promissory note:

"22–03–02. Surety appearing as principal may show he is surety—Exception. —One who appears to be a principal, whether by the terms of a written instrument or otherwise, may show that he in fact is a surety except as against persons who have acted on the faith of his apparent character of principal."

The foregoing provision is derived from a California statute[1] which has been interpreted by the California courts as allowing extrinsic or parol evidence to prove that one who appears to be a principal under a written instrument is, in fact, a surety. *Wexler v. McLucas,* 48 Cal.App.3d Supp. 9, 121 Cal. Rptr. 453 (Cal.App. Dep't Super.Ct.1975); *Beverly Hills National Bank v. Glynn,* 267 Cal.App.2d 859, 73 Cal.Rptr. 808 (Cal.App. 1968).

As a general rule, parol evidence is not admissible to contradict the terms of a promissory note or other writing. *See, Evenson v. Hlebechuk,* 305 N.W.2d 13 (N.D. 1981). However, we construe Section 22–03–02, N.D.C.C., as the California courts have construed their similar statute, to provide a specific exception to the parol evidence rule by allowing extrinsic or parol evidence to show that although one appears to be a principal under a written instrument he is, in fact, only a surety. *See, People's State Bank v. Francis,* 8 N.D. 369, 79 N.W. 853 (1899). Thus, we agree with Althea that the district court should have allowed her to introduce evidence that she is a surety only and not a principal obligor of the debt to Farmers arising under the promissory note.

1. The California provision which is substantially identical to Section 22–03–02, N.D.C.C., is codified as Section 2832 of the California Civil Code which provides:

"§ 2832. *Ostensible principal may show suretyship*

One who appears to be a principal, whether by the terms of a written instrument or

otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal. It is not necessary for him to show that the creditor accepted him as surety."

Farmers asserts that the question of whether Althea is a principal or a surety on the indebtedness is not a material issue of fact because there are no defenses which Althea could assert as a surety which would limit or absolve her liability. If Althea proves she is a surety on the indebtedness, and not a principal, the question of whether or not she would have a defense which would limit or absolve her liability to Farmers involves factual matters as to which she is entitled to offer evidence and about which we will not speculate at this stage of the proceedings.

A summary judgment will be upheld on appeal only if it appears that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), N.D.R.Civ.P.; *Eddy v. Lee*, 312 N.W.2d 326 (N.D.1981); *Jacob v. Hokanson*, 300 N.W.2d 852 (N.D. 1980). Having concluded that Althea has raised genuine issues of disputed fact relative to her status and ultimate liability to Farmers, we reverse the summary judgment and remand the case for a trial on the merits.

SAND, VANDE WALLE, PEDERSON and PAULSON, JJ., concur.