FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SIOUX FALLS, Plaintiff and Appellee,

v.

DARDANELLA FINANCIAL CORPORATION, a South Dakota Corporation; Lee O. Rensberger and Betty Lou Rensberger, Defendants and Appellants,

and

Forest Home Cemetery Association; Minnehaha County, South Dakota; and The City of Sioux Falls, South Dakota, a Municipal Corporation, Defendants.

No. 14092.

Supreme Court of South Dakota.

Considered on Briefs Oct. 28, 1983.

Decided July 11, 1984.

Edward J. Leahy, of May, Johnson, Doyle & Becker, Sioux Falls, for plaintiff and appellee.

James R. Myers and James R. Feyder of Simons, Gibbs, Feyder & Myers, Sioux Falls, for defendants and appellants.

MYDLAND, Circuit Judge.

This is an appeal from that portion of a summary judgment of a real estate foreclosure which granted the mortgagee interest at the rate of 18 percent on the sum any redemptioner would be required to pay to redeem the real property foreclosed. We reverse.

Dardanella Financial Corporation (Dardanella) and Lee O. Rensberger executed a promissory note to the First Federal Savings and Loan Association of Sioux Falls (First Federal) dated January 23, 1979, in the sum of $1,200,000.00 with interest at the rate of 12 percent per annum. On the same date, Dardanella executed a 180-day redemption mortgage (first mortgage), mortgaging to First Federal 320 acres of real property. The mortgage was filed in the office of the Register of Deeds, Min-

nehaha County, South Dakota, on January 24, 1979, and recorded in Book 636 of Mortgages on Pages 492 through 495, inclusive. The mortgage contract form was consistent with the requirements of SDCL ch. 21–49.

Dardanella executed an additional mortgage (second mortgage) to First Federal on July 13, 1979. The property mortgaged was the same 320 acres covered under the previous mortgage. It provided the security for the same note as in the previous mortgage. The second mortgage was the short statutory form as is set forth in SDCL 44–8–3. It did not contain the statement that it was governed by the 180-day mortgage act. There was no reference to the first mortgage. The mortgage was filed in the office of the Register of Deeds, Minnehaha County, South Dakota, on September 18, 1979, and recorded in Book 656 of Mortgages on page 182.

Default occurred in the payment of the loan. First Federal started this action seeking foreclosure of both mortgages. First Federal moved for a summary judgment and the motion was granted on December 21, 1982.

The judgment decreed:

1. That the total judgment debt was $1,236,933.51.
2. That the mortgage filed January 24, 1979, and recorded in Book 636 of Mortgages on pages 492 through 495 was a valid first lien on the property, subject only to the real estate taxes of Minnehaha County and the assessments levied by the city of Sioux Falls.
3. That all other interest, lien, encumbrances or claims of the defendants were inferior to the rights of First Federal's except the rights of redemption.
4. That the described property was to be sold.
5. That any redemption shall be required to pay the sums provided in SDCL 21–52–14, with interest thereon at the rate of eighteen percent (18%) from and after the date of sale.
6. That upon expiration of defendants' redemption rights, possession of the real estate was to be delivered to the holder of the certificate of sale.

■ The only issue before this court concerns the rate of interest to be paid upon redemption of the mortgaged property for the period from the date of sale until the date on which the redemption is made.[1]

Dardanella contends that SDCL 21–49–34 [2] applies to this case and therefore the proper interest rate is twelve percent. SDCL ch. 21–49 is cited as the "One Hundred Eighty Day Redemption Mortgage Act."

First Federal contends that SDCL 21–52–14 [3] applies to this case and, therefore, the

---

1. The period of redemption is not germane to this appeal. However, it should be made clear that this decision is not to be considered as authority to permit the mortgagee, in a similar situation, to redeem the property after a period of 180 days. The first mortgage did not comply with the 180-day Redemption Mortgage Act because of the area limitation, and therefore would be in conflict with SDCL 21–52–11. The right to redeem is a favorite equity and will not be taken away except upon a strict compliance with the steps necessary to divest it.

2. SDCL 21–49–34 provides:
Such persons may redeem from the purchaser by paying the person making the sale the amount of the purchase price, plus any sums paid by the purchaser to protect his interest in such property in particular, but not in limitation thereof, for such items as taxes, insurance, maintenance expenses reasonably incurred to preserve the value of the mortgaged premises, or payments on a superior lien, together with interest on the total judgment *at the same rate of interest as provided in the mortgage.* If the purchaser also is the holder of another lien upon the property foreclosed, or part thereof, other than the mortgage upon which sale was made, which additional lien is superior to the lien of the person redeeming, the person redeeming shall likewise pay the amount of such additional lien including interest at the rate provided by the lien or at the legal rate to the date of payment. (emphasis added)

3. SDCL 21–52–14 provides:
Any redemptioner may redeem from the purchaser at any sale described in § 21–52–1, by paying to the sheriff or other person appointed by a court to make the sale the amount of the purchase price, plus any sums paid by the purchaser to protect his interest in such property

trial court was correct in setting the rate at eighteen percent. SDCL ch. 21–52 is the chapter entitled "Redemption from Sale on Execution or Foreclosure."

First Federal had the option of making the motion for summary judgment or the option of having a trial of the issues in which the court would have issued findings of fact and conclusions of law.[4] They chose the first, and as the court ruled for them, their case must rest on that choice.

The trial court, in its judgment, determined that the first mortgage was a valid first lien on the property. There was no finding that this mortgage was deficient in any manner because of the fact that the real property so involved was of an area greater than 40 acres and therefore being contra to SDCL 21–49–11. No determination was made as to the second mortgage. The judgment is final as to all matters except the single "portion of the Judgment granting the Plaintiff interest at the rate of eighteen percent on the sum any redemptioner is required to pay to redeem the real property foreclosed on in said action."

Immediately preceding paragraph 19 of the first mortgage are the following words, all in capital letters and in large and bold print:

**THE PARTIES AGREE THAT THE PROVISIONS OF THE ONE HUNDRED EIGHTY DAY REDEMPTION MORTGAGE ACT GOVERN THIS MORTGAGE.**

It is the opinion of this court that the provisions of the "One Hundred Eighty Day Redemption Mortgage Act" govern the mortgage. The terms which were agreed upon by both parties, should be complied with and enforced unless they conflict with applicable law. There is nothing in the law which conflicts with SDCL 21–49–34, which provides that the redemptioner shall pay interest on the total judgment at the same rate of interest as provided in the mortgage. In this case, the interest rate specified was 12 percent (12%).

The judgment of the circuit court is reversed as to the interest rate to be paid by the redemptioner. The trial court will amend the judgment in accordance with the foregoing.

FOSHEIM, C.J., and HENDERSON, J., concurs.

WOLLMAN and MORGAN, JJ., dissent.

MYDLAND, Circuit Judge, sitting for DUNN, J., disqualified.

MORGAN, Justice (dissenting).

I respectfully dissent.

This action was brought by First Federal Savings & Loan Association of Sioux Falls (First Federal) seeking foreclosure by action under SDCL ch. 21–47 of certain real estate mortgages executed by Dardanella Financial Corporation (DFC) to secure repayment in the sum of $1,200,000. The underlying obligation was evidenced by a promissory note signed by DFC and by Lee O. Rensberger and Betty Lou Rensberger (Rensbergers).

DFC's and Rensbergers' principal defense was that the mortgage executed contemporaneously with the note and denominated therein as a 180-day redemption mortgage was invalid and of no force and effect because the property described in the mortgage encompassed 320 acres and was thus in excess of the 40-acre limit established in SDCL 21–49–11. First Federal conceded the mortgaged property exceeded 40 acres and there was no issue of

---

for taxes, insurance, installments of principal or interest upon a superior lien, with interest at the legal rate from date of sale upon the purchase price of the property, and from the date of the payment of any sum paid for taxes, insurance, or installments of principal or interest on a prior lien. If the purchaser be the holder of a lien upon such real property other than that under which sale was made, which is superior to the lien of the redemptioner, the redemptioner must likewise pay the amount of such additional lien, including interest to the date of payment.

**4.** The only findings are those included in the judgment of the trial court. There are no others, and none are required by statute (SDCL 15-6-52(a)).

fact. By the second paragraph of the summary judgment the trial court held that the mortgage at issue was a valid first lien on the property described, subject only to real estate taxes and special assessments. The trial court then went on to direct the sale of the property in the manner and form prescribed by SDCL ch. 21–47 and finally directed that any redemptioner shall be required to pay the sum established in SDCL 21–52–14 with interest thereon at the rate of eighteen percent.

The majority opinion decries the absence of findings of fact and conclusions of law because First Federal chose to move for summary judgment. Apparently, for this reason alone, the majority would retain certain mortgage provisions that conform to the 180-day redemption statute. This simply cannot be. The mortgage is either short-term or standard. Under the law and in light of the record before us, it cannot be a short-term redemption mortgage; it encompasses too much property. Furthermore, there are certain trade-offs built into the 180-day mortgage that are peculiar to the short-term act. The mortgagee only has 180-days to redeem the property after a foreclosure sale, but his interest rate is fixed by the terms of the note. In footnote 1, the majority appears to say that the 180-day limitation does not apply, then two pages later the majority opinion states that the provisions of the 180-day redemption mortgage act governed the mortgage.

The answer to this dilemma is found in the mortgage instrument itself:

> This mortgage shall be governed by the law of the jurisdiction in which the property is located. In the event that any provision or clause of this mortgage or the note conflicts with the applicable law, such conflict shall not affect other provisions of this mortgage or the note that can be given effect without the conflicting provision, and to this end the provisions of the mortgage and the note are declared to be severable.

It is implicit on the face of the judgment that this is what the trial court did. It severed the provisions peculiar to short-term redemption mortgages and treated the mortgage as a valid first lien mortgage.

I would affirm.

I am hereby authorized to state that Justice WOLLMAN joins in this dissent.