The FIRST STATE BANK OF BUXTON, Buxton, North Dakota, Bank of North Dakota, Bismarck, North Dakota, Dakota Western Bank, Bowman, North Dakota, Citizens State Bank, Enderlin, North Dakota and First National Bank of Devils Lake, Devils Lake, North Dakota, Plaintiffs and Appellees,

v.

Dennis A. THYKESON and Emma S. Thykeson, Defendants and Appellants.

The FIRST STATE BANK OF BUXTON, Buxton, North Dakota, Bank of North Dakota, Bismarck, North Dakota, Dakota Western Bank, Bowman, North Dakota, Citizens State Bank, Enderlin, North Dakota and First National Bank of Devils Lake, Devils Lake, North Dakota, Plaintiffs and Appellees,

v.

C. Bernard NORGAARD and Beatrice Norgaard, Defendants and Appellants.

The FIRST STATE BANK OF BUXTON, Buxton, North Dakota, Bank of North Dakota, Bismarck, North Dakota, Dakota Western Bank, Bowman, North Dakota, Citizens State Bank, Enderlin, North Dakota and First National Bank of Devils Lake, Devils Lake, North Dakota, Plaintiffs and Appellees,

v.

Norman E. ERICKSON and Nona D. Erickson, Defendants and Appellants.

The FIRST STATE BANK OF BUXTON, Buxton, North Dakota, Bank of North Dakota, Bismarck, North Dakota, Dakota Western Bank, Bowman, North Dakota, Citizens State Bank, Enderlin, North Dakota and First National Bank of Devils Lake, Devils Lake, North Dakota, Plaintiffs and Appellees,

v.

Myron O. BREILAND and Donna M. Breiland, Defendants and Appellants.

Civ. Nos. 10725–10728.

Supreme Court of North Dakota.

Feb. 1, 1985.

Vinje & Engelman, Mayville, Traynor, Rutten & Traynor, Devils Lake, Damon Anderson, Grand Forks, Edward F. Klinger, Moorhead, Minn., and Thomas B. Tudor, Bismarck, for plaintiffs and appellees; argued by Damon Anderson, Grand Forks; appearances by Edward F. Klinger, Moorhead, Minn. and Jerald L. Engelman, Mayville.

Bruce E. Bohlman, Grand Forks, and John G. Shaft, Grand Forks, for defendants and appellants; argued by Bruce E. Bohlman, Grand Forks.

ERICKSTAD, Chief Justice.

Dennis A. and Emma S. Thykeson, C. Bernard and Beatrice Norgaard, Norman E. and Nona D. Erickson, and Myron O. and Donna M. Breiland have appealed from summary judgments of foreclosure entered in favor of First State Bank of Buxton and the other plaintiff banks in four companion foreclosure actions. We reverse.

Norman Erickson, Dennis Thykeson, C. Bernard Norgaard, and Myron Breiland were directors of Valley Farmers Bean As-

sociation, which is now insolvent. In early December 1981, the Association lacked funds to pay for bean purchases and Association checks were returned in November 1981, because there were insufficient funds to pay them. The First State Bank of Buxton loaned the Association $250,000 to cover the bean purchases.

On December 10, 1981, Paul Marchell, President of First State Bank of Buxton, met with the directors and it was determined that he should contact the Bank of North Dakota concerning financing for the Association. Ultimately, a loan for $3,400,-000 was approved, with the First State Bank of Buxton participating in and monitoring the loan.

After the $3,400,000 loan was approved but before the funds were disbursed to the Association, the Association's manager issued checks resulting in overdrafts of approximately $550,000 to pay for beans purchased on the open market. After learning of the overdrafts, Marchell required a capital injection of $600,000 before he would allow disbursement of the $3,400,000 loan funds.

The directors personally executed a promissory note to the First State Bank of Buxton for $600,000 and as security for the note executed mortgages covering real estate owned by them. The loan was participated in by the other plaintiff banks. The proceeds of this loan were transferred to the Association when the directors endorsed the cashier's check issued to them.

When the $600,000 note was not paid, the banks brought foreclosure actions. The trial court entered summary judgments of foreclosure in favor of the banks.

The appellants have raised as issues whether or not the trial court erred: (1) in holding that there was no fraud, undue influence, or duress as a matter of law; (2) in holding that there was proper notice of intent to foreclose; (3) in dismissing the counterclaims of the defendants as a matter of law; (4) in denying the defendants' motions to amend the answer and counterclaim; and (5) in not considering the defense of lack of consideration.

In our view, the dispositive issue is whether or not these foreclosure actions were properly disposed of by summary judgment. Rule 56(c), N.D.R.Civ.P., provides for summary judgment if "there is no genuine issue as to any material fact and ... any party is entitled to a judgment as a matter of law."

"A motion for summary judgment may be granted only if, after considering the evidence and inferences in the light most favorable to the party against whom the judgment is demanded there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. *St. Paul Fire & Marine Insurance Co. v. Amerada Hess Corporation,* 275 N.W.2d 304 (N.D.1979); *Albers v. NoDak Racing Club, Inc.,* 256 N.W.2d 355 (N.D.1977)."

*Latendresse v. Latendresse,* 294 N.W.2d 742, 748 (N.D.1980).

In *Albers v. NoDak Racing Club, Inc.,* 256 N.W.2d 355, 359 (N.D.1977), we quoted *Dulansky v. Iowa-Illinois Gas & Electric Co.,* 191 F.2d 881, 883 (8th Cir.1951): " 'It was not the purpose of this rule to require a party to try his case on affidavits with no opportunity to cross-examine witnesses; ...' "

■ The directors' answers to the complaint alleged, among other things, improper notice of foreclosure, and that the note and mortgages were obtained through misrepresentation and undue influence. They claimed: that an officer of First State Bank of Buxton threatened them with lawsuits by Association customers; they were told the $600,000 loan was necessary in order for the Association to get the $3,400,000 loan; that part of the loan funds were used to repay a $250,000 loan from First State Bank of Buxton; that First State Bank of Buxton failed to disclose the actual purpose of the loan; and that through misrepresentation and threats they were convinced that it was necessary that they personally execute the note and mortgage on their property to assist the Association. They also counterclaimed for damages.

Upon considering the answer and the affidavit of Norman Erickson in opposition to the plaintiffs' motion for summary judgment in the light most favorable to the defendants, we conclude that genuine issues of material fact do exist precluding disposition of these actions by summary judgment. It appears to us that the following, and possibly others, constitute genuine issues as to material facts: (1) whether or not Marchell and First State Bank of Buxton were acting as the agent of the Association; (2) whether or not the directors were misled as to the priority of their collection rights and, if so, by whom; and (3) whether or not the directors were only acting as sureties in the matter.

The existence of an agency relationship is a question of fact. *Johnson v. Production Credit Association of Fargo*, 345 N.W.2d 371 (N.D.1984). "Actual fraud is always a question of fact." Section 9–03–10, N.D.C.C. If the directors are able to prove that they acted as sureties rather than as principals, the question of whether or not they would have a defense which would limit or absolve their liability involves factual matters as to which they are "entitled to offer evidence and about which we will not speculate at this stage of the proceedings." *Farmers & Merchants National Bank v. Ostlie*, 336 N.W.2d 348, 351 (N.D.1983).

"[S]ummary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2728.

For the reasons stated, we conclude that there are genuine issues of material fact precluding summary judgment.

The directors have relied upon the doctrine of "economic duress" or "business compulsion", which this Court discussed in *Production Credit Association of Minot v. Geving*, 218 N.W.2d 185 (N.D.1974). We cannot determine whether or not the doctrine is available to the directors. The facts have not been adequately developed to allow a determination as to whether or not any pressure applied to the directors by the First State Bank of Buxton was wrongful. Such a determination is one for the trial court to make in the first instance. The directors will have an opportunity on remand to amplify the record in support of their claims in this regard.

The directors assert that the trial court erred in holding that there was proper notice of intention to foreclose. The notice of intention to foreclose served in this case stated that the Short-Term Mortgage Redemption Act applied and that the period of redemption would be six months. The cited act is inapplicable because more than ten acres of property are involved. Section 32–19.1–01, N.D.C.C. The period of redemption is therefore one year. Section 28–24–02, N.D.C.C. The directors assert that the notice of intention to foreclose was misleading, erroneous, defective and "the issuance of a Summons and Complaint on the basis of such a Notice was inherently defective, thereby destroying the validity of the subsequent service of the Summons and Complaint for foreclosure." They have not, however, provided us with any citations to authority or supportive reasoning. The argument is, therefore, without merit and we will not address it.

The directors assert that the trial court erred in dismissing their counterclaims. To the extent that the trial court's determination that there was no fraud, duress or undue influence was based upon the conclusion that there were no genuine issues of material fact, it erred in dismissing the counterclaims.

The directors assert that the trial court erred in denying their motion to amend the answer and counterclaim to allege an agency relationship between them and the First State Bank of Buxton and to allege that they were acting as a surety on behalf of the Association. In denying the motion, the trial court noted:

"As previously stated by this Court in this Memorandum Opinion, the relationship between the Plaintiff and the various Defendants is that of a debtor/credi-

tor relationship. The Plaintiff is the lending bank and the Defendants are the customers of that Bank. The Plaintiff would be prejudiced if the amendment were permitted at this late stage. Further depositions and discovery would have to be made. The urged amendment is not based on newly discovered facts brought out in the interrogatories or depositions. It is merely a new legal theory. All of the undisputed facts herein clearly show that there was no actual agency as defined in 3–01–03 NDCC. Neither do any of the undisputed facts show or do such facts by inference show an ostensible agency. None of the discovery on file in this action show that the Defendants believe the Bank to be their agent. The urged theory borders on being frivolous. The granting of the amendment would not stop the summary disposition of this case."

We have already determined that the answer and the affidavit of Norman Erickson raised genuine issues of material fact as to the existence of an agency relationship and as to whether or not the directors were acting only as sureties. The directors were trying to show that something more than a "debtor/creditor" relationship existed. Denial based only upon the determination that summary judgment was proper would have been erroneous. The trial court, however, also indicated that denial was grounded on other things as well, such as prejudice to the plaintiff and the requirement of further discovery. We are, therefore, unable to conclude that the trial court abused its discretion in denying the motion. Upon remand, the trial court will have an opportunity to consider the motion in light of our holding that summary judgment was not properly granted.

Finally, the directors assert that the trial court erred in not considering the defense of lack of consideration. The defense is based on the contention that the directors "received no benefit for the loan since the proceeds were turned over immediately to the Valley Farmers Bean Association." Good consideration to support a contract may consist in a benefit to the promisor or a detriment to the promisee. Section 9–05–01, N.D.C.C.; *Mitchell v. Barnes,* 354 N.W.2d 680 (N.D.1984); *Gulden v. Sloan,* 311 N.W.2d 568 (N.D.1981). It is apparent that the banks parted with $600,000 (a detriment) and that the directors and the Association in which they had interests received the $600,000 (a benefit). Accordingly, the defense of lack of consideration is of no merit.

The summary judgments are reversed and the cases are remanded for further proceedings pursuant to this opinion and with directions to the Presiding Judge of the East Central Judicial District to reassign the cases to another judge within the district. The judge to whom the cases are reassigned should bear in mind that a jury trial has been demanded in the answers.

VANDE WALLE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

Surrogate Justice PEDERSON participated in this case by assignment pursuant to § 27–17–03, N.D.C.C.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.