**DUNSEITH SAND & GRAVEL COMPANY, INC., Plaintiff and Appellee,**

v.

**Ivanlee ALBRECHT, Defendant and Appellant.**

**Civ. No. 11010.**

Supreme Court of North Dakota.

Jan. 7, 1986.

**804**

Ivanlee Albrecht, for defendant and appellant, pro se.

Carol E. Harrang [argued], of Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, for plaintiff and appellee.

GIERKE, Justice.

The defendant Ivanlee Albrecht appealed from an order for judgment granted by the District Court of Rolette County. We reverse.

The action was commenced by Dunseith Sand & Gravel Co., Inc., against Ivanlee Albrecht [Albrecht] for principal and interest on a past due open account for goods allegedly sold to him personally by Dunseith Sand & Gravel Co., Inc. [Dunseith]. Albrecht argues that any amounts owing to Dunseith are an obligation incurred by "Ivanlee's Construction and Supply, Inc." and are not his personal obligation.

After discovery was completed, pursuant to Rule 56 of the North Dakota Rules of Civil Procedure, Dunseith brought a motion for summary judgment against Albrecht; and, pursuant to Rule 3.2 of the North Dakota Rules of Court, it filed a notice of submission on briefs. The motion for summary judgment was mailed to Albrecht on April 19, 1985, and filed with the district court.

Albrecht's response to the motion was dated and mailed to Dunseith on May 1, 1985. It was not received by the district court for filing within the statutory time limit. The district court deemed Albrecht's failure to file a response brief within the ten-day time limit to be an admission that the motion was meritorious and, consequently, granted summary judgment on May 8, 1985.

Albrecht then filed a motion to vacate the order for judgment on the ground that his response to Dunseith's summary judgment motion was filed on time. Dunseith resisted the motion to vacate the order for judgment.

■ On May 30, 1985, the district court denied the motion by way of letter opinion. The district court chose not to rule on the timeliness of Albrecht's response, emphasizing that Rule 3.2 is applied with discretion by the trial judge. Further, the district court noted it is not its practice to issue orders exactly on the day of presumed default. Rather, the district court examined the merits of the motion for summary judgment and concluded that, timeli-

ness aside, the judgment had been appropriately entered.

Albrecht has brought this appeal from an order. The record contains a later judgment which is consistent with this order. Recently, in *Olson v. Job Service North Dakota*, 379 N.W.2d 285 (N.D.1985), we determined that when the record contains a judgment which is consistent with the order, we will treat the appeal as an appeal from the judgment. *Olson, supra.* Accordingly, we will now examine the merits of this appeal.

█ The dispositive issue on appeal is whether or not Dunseith was entitled to summary judgment. Summary judgment is properly granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), N.D.R.Civ.P. The evidence must be viewed in the light most favorable to the party against whom summary judgment is sought. *Norman Jessen & Assoc. v. Amoco Prod. Co.*, 305 N.W.2d 648, 650 (N.D.1981). We have noted that summary judgment is not proper merely because the trial court believes that the movant will prevail if the action is tried on the merits. *First State Bank of Buxton v. Thykeson*, 361 N.W.2d 613, 616 (N.D.1985).

It is the general rule that officers and directors of a corporation are not liable for the ordinary debts of the corporation. *Hilzendager v. Skwarok*, 335 N.W.2d 768 (N.D.1983).

Upon considering the answer and affidavit of Albrecht in opposition to Dunseith's motion in the light most favorable to Albrecht, we conclude that genuine issues of material fact do exist precluding disposition of this action by summary judgment. It appears to us that there is a question as to whether or not Albrecht was an agent of "Ivanlee's Construction and Supply, Inc.".

The existence of an agency relationship is a question of fact. *Johnson v. Production Credit Association of Fargo*, 345 N.W.2d 371 (N.D.1984). Dunseith argues that while transacting the open account, the liability for which is the basis of this action, Albrecht "at no time held himself out as an agent of or acted on behalf of anyone but himself". If Albrecht is able to prove an agency relationship, the question of whether or not he would have a defense which would limit or absolve his liability involves factual matters as to which he is "entitled to offer evidence and about which we will not speculate at this stage of the proceedings". *Farmers & Merchants National Bank v. Ostlie*, 336 N.W.2d 348, 351 (N.D.1983).

█ Albrecht paid for all prior transactions with Dunseith by check. The checks were drawn on the account of "Ivanlee's Construction and Supply, Inc.". The correspondence which passed from Dunseith to Albrecht is addressed to "Mr. Ivanlee Albrecht, Ivanlee's Construction and Supply, Inc.". Further, the contractor's license which granted Albrecht and "Ivanlee's Construction and Supply, Inc." the right to do business was issued to "Ivanlee's Construction and Supply, Inc." Granted, all invoices were addressed to Albrecht personally. However, this must be weighed with conflicting evidence to determine Albrecht's personal liability.

We have concluded that Albrecht has raised genuine issues of disputed facts relating to the ultimate liability of the debt owed to Dunseith. We, therefore, reverse the summary judgment and remand the case for a trial on the merits.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.