Earl F. BROWN and Willard R. Brown,
Plaintiffs and Appellants,

v.

Walter E. WILL, Alice Will, and Donald
Will, individually and as Trustees,
Defendants and Appellees.

Civ. No. 11119.

Supreme Court of North Dakota.

June 6, 1986.

Teevens, Johnson, Montgomery, Minot, for plaintiffs and appellants; argued by Bruce R. Montgomery.

Schulte and Enget, Stanley, for defendants and appellees, argued by Wade G. Enget.

LEVINE, Justice.

Earl F. Brown and Willard R. Brown appeal from an order for partial summary judgment in favor of Walter E. Will, Alice Will and Donald Will. We dismiss the appeal.

The Browns instituted a suit containing four claims for relief against the Wills. The Wills moved for summary judgment on two of the claims for relief. The trial court granted the Wills summary judgment on one claim but denied it on the other. The order for partial summary judgment contains no Rule 54(b) certification. The Browns appeal from the order granting the summary judgment.

Under North Dakota Rule of Civil Procedure 54(b), if more than one claim for relief is presented in an action, the court may direct the entry of a final judgment as to fewer than all the claims only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.

Rule 54(b) is designed to deter piecemeal disposal of litigation and to avoid possible injustice caused by unnecessary delay in adjudicating the separate claim. *First Trust Co. of North Dakota v. Conway*, 345 N.W.2d 838 (N.D.1984).

Here, the trial court did not make an express Rule 54(b) determination, nor was such a determination implicit in the court's decision. *Compare First Trust Co. of North Dakota v. Conway, supra.* Because the order granting summary judgment failed to adjudicate all Browns' claims, it is interlocutory and not appealable. *Striegel v. Dakota Hills, Inc.*, 343 N.W.2d 785 (N.D.1984). The Browns' appeal must therefore be dismissed.

A second basis for dismissal is that the appeal is from an order for summary judgment.

An order for judgment is not appealable unless the record also contains a judgment consistent with the order. *Dunseith Sand and Gravel Co., Inc. v. Albrecht*, 379 N.W.2d 803 (N.D.1985); *Olson v. Job Service North Dakota*, 379 N.W.2d 285 (N.D.1985). Here, the record contains an order granting summary judgment, but

not a subsequent judgment consistent with that order.

Accordingly, the appeal is dismissed.

ERICKSTAD, C.J., VANDE WALLE and GIERKE, JJ., and ILVEDSON, Surrogate Justice, concur.

ILVEDSON, S.J., sitting in place of MESCHKE, J., disqualified.