MIDWEST FEDERAL SAVINGS
BANK, Plaintiff and Appellee,

v.

Paul S. SYMINGTON, Defendant
and Appellant,

and

Lois J. Symington, Dave Parker and D.J.
Parker, Inc., Employee's Pension Plan
& Trust; And all other persons un-
known claiming any estate or interest
in or lien or encumbrance upon the
real estate described in the Complaint,
Defendants.

MIDWEST FEDERAL SAVINGS
BANK, Plaintiff and Appellee,

v.

Paul S. SYMINGTON, Defendant
and Appellant,

and

Lois J. Symington, First National Bank
in Grand Forks; Dave Parker and D.J.
Parker, Inc., Employee's Pension Plan
& Trust; And all other persons un-
known claiming any estate or interest
in or lien or encumbrance upon the
real estate described in the Complaint,
Defendants.

BUSHEE PROPERTY MANAGEMENT,
INC., on Behalf of MIDWEST FEDER-
AL SAVINGS BANK, a North Dakota
corporation, Plaintiff and Appellee,

v.

Paul SYMINGTON, d/b/a St. James
Place Apartments, Defendant
and Appellant.

Civ. Nos. 11211–11214.

Supreme Court of North Dakota.

Sept. 30, 1986.

Karen K. Braaten, Grand Forks, for
plaintiff and appellee Midwest Federal Sav.
Bank.

Nelson, Kalash & Molenaar, Grand
Forks, for plaintiff and appellee Bushee
Property Management, Inc., submitted on
brief.

Bruce E. Bohlman, Grand Forks, for
Richard L. Nelson, Trustee in Bankruptcy
for defendant and appellant Paul Syming-
ton.

VANDE WALLE, Justice.

Paul Symington has appealed from a memorandum decision clarifying the district court's previous memorandum decision that addressed various questions concerning a trustee's collection of rents from and payment of expenses for commercial property undergoing foreclosure. We dismiss the appeal.

The right of appeal in this State is statutory and is a jurisdictional matter which we may consider sua sponte. *Olson v. Job Service North Dakota*, 379 N.W.2d 285 (N.D.1985). Generally, a memorandum decision is not appealable under § 28–27–02, N.D.C.C. *Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507 (N.D.1974). However, we have held that an appeal may be taken from a memorandum decision if the record also contains a final order or judgment which is consistent with the memorandum decision [see *Federal Sav. & Loan Ins. Corp. v. Albrecht*, 379 N.W.2d 266 (N.D.1985)], or if there is an indication in the memorandum decision that it was intended to constitute a final order of the court [see *Chas. F. Ellis Agency, Inc., supra*]. Neither exception is applicable in this case.

Symington has attempted to appeal from a "Memorandum Decision Clarifying Payment of Real Estate Taxes." The record contains no final order or judgment which is consistent with that memorandum decision. Furthermore, we discern no intent by the district court that the memorandum decision was to constitute a final order. The memorandum decision, dated February 3, 1986, was issued to clarify the court's legal conclusion as to one of three questions addressed in a previous memorandum decision dated December 30, 1985. In its December 30 memorandum decision, the district court noted that "there has never been a full hearing and accounting as

to exactly what monies each party may be entitled to.... Without such full accounting by both sides it is virtually impossible for the Court to order a distribution at this time.... After expiration of the period of redemption or the termination of the trusteeship, whichever occurs first, the Court anticipates a further hearing as to the distribution of the funds and payment of expenses." Thus it is clear that the district court intended neither the December 30 memorandum decision nor the February 3 memorandum decision to constitute a final order of the court.[1]

Accordingly, the appeal is dismissed.

ERICKSTAD, C.J., and LEVINE, GIERKE and MESCHKE, JJ., concur.

---

1. Assuming that the February 3 memorandum decision was intended to be a final order as to one of the three issues addressed in the December 30 memorandum decision, the record contains no Rule 54(b), N.D.R.Civ.P., certification, nor is a Rule 54(b) determination implicit in the district court's decision. See *Brown v. Will*, 388 N.W.2d 869 (N.D.1986). Even if a Rule 54(b) order had been granted in this case, it is questionable whether under these circumstances the order would be deemed to have been providently granted. See *Buurman v. Central Valley School Dist.*, 371 N.W.2d 146 (N.D.1985); *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984).