Patrick Robert **MORLEY**, Plaintiff
and Appellee,

v.

Janice Mae **MORLEY**, Defendant
and Appellant.

Civ. No. 880099.

Supreme Court of North Dakota.

. May 17, 1989.

Goulet Law Firm, Wallace R. Goulet, Jr., Grafton, for plaintiff and appellee.

Craft, Thompson and Boechler, Dale J. Craft, argued, Fargo, for defendant and appellant.

MESCHKE, Justice.

Jan Morley appealed from an order transferring custody of her three children to their father, Pat Morley. We dismiss the appeal as untimely.

Jan and Pat were divorced at Grand Forks in 1983. They had three children: Troy, born in 1972; Gregory, born in 1978; and Sarah, born in 1980. The stipulated decree placed primary custody of Troy with Pat and placed primary custody of Greg and Sarah with Jan. Jan and Pat were each to have all three children together for at least one month in the summer. Pat was ordered to pay Jan support "of $250.00 per child per month for each of the children in [her] physical custody."

In January of 1984, Jan, accompanied by Greg and Sarah, moved to Tempe, Arizona to attend a university. Soon after, Pat sent Troy to live with Jan. In May 1984, Jan began working for a real estate business at Tempe. Jan was soon promoted, with a raise and a rent discount, to another position in Phoenix where she attended another university part-time. In August 1985, Jan was again promoted, with another raise and a free apartment, but again she moved for the opportunity, this time to the Denver area.

At Aurora, Colorado, the childrens' schools had nine-week terms, each followed by a three-week vacation. Jan's mother, who had helped care for the children, left to help another family member. Without her mother's help, Jan had financial difficulty caring for her children while working and going to school. When her appeals to Pat for more financial assistance went unheeded, Jan asked Pat to take the children for the first three-week school vacation in 1985. Pat refused, but proposed taking

them for the rest of the school year. On October 1, 1985, Jan sent the children to live with Pat in Grand Forks.

On March 20, 1986, Pat obtained an ex parte order for his temporary custody of the children, while he sought permanent custody. After a hearing on August 11, 1986, temporary custody with Pat was continued. After an evidentiary hearing in October 1986, the trial court orally placed permanent custody with Pat. Pending disputes about support and property settlement payments were put aside until an evidentiary hearing in April 1987.

Finally, on May 4, 1987, the trial court issued findings of fact, conclusions of law, and an order changing primary custody to Pat during the school term, giving Jan custody during summers and alternate Christmas vacations, and ordering Jan to pay Pat support of $30 per month per child from October 1 through June 1 of each year. $5,000.00 support due Jan from Pat and other disputes were also resolved. The order did not direct entry of a judgment or amendment of the prior judgment. Instead, the order closed with this declaration:

> "The Court's Order modifying and clarifying the original Judgment is hereby entered in accordance with the Conclusions of Law."

Thus, all related disputes were decided. The transfer of permanent custody was complete and final.

Notice of entry of the order was not served on Jan or her attorney. However, the next entry in the record shows that a hearing was set for September 9, 1987 "to effect the return of the minor children ... after a period of visitation" with Jan. On September 2, 1987, that hearing was cancelled by a written stipulation which said that the "children have been returned" by Jan. On December 4, 1987, Jan was ordered to show cause why she failed to pay the child support directed in the May 4, 1987 order. This hearing, too, was cancelled in mid-December when Jan paid arrearages. It is plain that Jan knew about the order modifying permanent custody months before her exertions in 1988.

In late February 1988, Jan's attorney caused the clerk of court to enter an amended judgment, reciting that "the Court ... now makes and enters the following amended judgment and decree." This amendment conformed to the order of May 4, 1987 on custody of the children and on the other matters. Jan's attorney gave notice of entry of this amended judgment to Pat on March 1, 1988. Then, on March 30, 1988, Jan's attorney filed a garbled notice of appeal "from the amended judgment entered in these proceedings ... on May 4, 1987." This appeal came over ten months after the transfer of permanent custody was complete and final.

By the time Jan's appeal was orally argued before us in December 1988, the children had been in Pat's principal custody for more than three years. The duration of this continuity prompts us to examine whether Jan's appeal was timely. While Pat has questioned neither the timeliness of the appeal nor this court's jurisdiction, we often on our own initiative give attention to our power to hear an appeal. *J.S.S. v. P.M.Z.*, 429 N.W.2d 425 (N.D.1988). If we are not authorized to hear the appeal, we must dismiss it.

The North Dakota Rules of Appellate Procedure limit the power of this court to consider an appeal. NDRAppP 4(a) says:

> "In a civil case the notice of appeal ... shall be filed with the clerk of the trial court within 60 days of the date of the service of notice of entry of the judgment or order appealed from...."

Thus, to call upon our power of appellate review, a timely notice of appeal must be filed. NDRAppP 26(b) makes it clear that if a notice of appeal is not timely filed, a trial court's ruling is conclusive.

■ Ordinarily, as NDRAppP 4(a) says, the time for appeal of a judgment or order begins when notice of its entry is served. Counsel for the prevailing party is responsible for serving notice of entry of a judgment. NDRCivP 77(d). The Explanatory Note to Rule 77(d) says: "The 60–day time period for appeal by the adverse party does not start until notice of entry of judgment is served [see Rule 4(a), NDRAppP]."

*North Dakota Court Rules*, p. 139 (West Publishing Co. 1988). Notice of entry of the May 4, 1987 order was not served on Jan or her counsel. Thus, regular procedures were not followed.

But irregular procedures do not extend the time for appeal indefinitely. Actual knowledge of entry of an order, when clearly evidenced by the record, commences the running of the time for appeal. *Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985). Lang appealed more than 10 months after an adverse order. The record showed that Lang had actual notice of the order within a month after its entry. We dismissed Lang's appeal as untimely, reaffirming several prior holdings that actual knowledge begins the time for appeal, even without service of a notice of entry. That holding applies here.

Jan knew about the custody modification order before her September 2, 1987 stipulation to cancel a follow-up hearing to enforce the transfer of primary custody. She knew about the custody modification order before related proceedings in December 1987. Her knowledge is clearly evidenced by the record. Jan had actual knowledge of the modification order more than sixty days before her appeal. Therefore, her appeal was untimely.

■ The belated entry of an amended judgment by the clerk, caused by Jan's attorney, did not extend or renew her time for appeal. Formal entry of a separate judgment by the clerk of court is no longer necessary unless judicial action directs it. NDRCivP 58.[1] The modification order did not direct entry of a judgment or of an amendment to the prior judgment. The modification order of May 4, 1987 was complete in itself.

An order, which is complete, which is final, and which does not anticipate or direct further action, is appealable.[2]

---

1. NDRCivP 58 now reads:

   "*Upon the filing of an order for judgment,* the prevailing party shall submit to the clerk an appropriate form of the judgment. The clerk shall sign and file the judgment and make an entry of it in the register of civil actions and attach the judgment to the judgment roll.

   "If the prevailing party fails to submit to the clerk an appropriate form of the judgment within 30 days *after the order for judgment is filed,* any party may submit an appropriate form without prejudice to any rights that party may have to challenge it.

   "If the judgment directs the payment of money in a sum certain, or which by calculation can be made certain, the clerk shall also docket the judgment in the judgment docket as provided by law." (Our emphasis).

   Before amendment, effective January 1, 1988, Rule 58 read:

   "A judgment upon an issue of law or of fact or upon confession or upon failure to answer may be entered by the clerk upon the order of the court or the judge thereof, and on failure of the prevailing party to cause judgment to be entered within 30 days after the trial, the other party, on 10 days' notice, may cause the same to be entered without prejudice to any of his rights to attack the same. The judgment in all cases shall be entered and signed by the clerk in the judgment book; this entry constitutes the entry of the judgment; and the judgment is not effective before such entry. A copy thereof, also signed by the clerk, shall be attached to the judgment roll. The clerk of court immediately upon the entering of such judgment shall cause the same to be docketed as provided by law."

2. A ruling which is incomplete is not appealable. Thus, an oral ruling was not appealable. *State v. Klocke*, 419 N.W.2d 918 (N.D.1988). However, where a signed written order and judgment consistent with the oral ruling were subsequently entered, the appeal was treated as one from the judgment. *State v. Hogie*, 424 N.W.2d 630 (N.D.1988). Correspondingly, a memorandum decision, which directed entry of a further judgment and which was not intended to be final, was not appealable. *Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507 (N.D.1974); *Brown v. Will*, 388 N.W.2d 869 (N.D.1986). Similarly, a memorandum decision, which anticipated a further hearing and which was not intended to be final, was not appealable. *Midwest Federal Savings Bank v. Symington*, 393 N.W.2d 753 (N.D.1986).

   A ruling which is not final as to all pending claims and parties is not appealable without special action by the trial court. NDRCivP 54(b). *See also Brown v. Will, supra; Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986); *Herzog v. Yuill*, 399 N.W.2d 287 (N.D.1987); *Gast Construction Company v. Brighton Partnership*, 422 N.W.2d 389 (N.D.1988); *Matter of Estate of Stuckle*, 427 N.W.2d 96 (N.D.1988); and *Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D.1989).

   On the other hand, a timely appeal from a memorandum decision or an order for judgment has been often considered when the record included a judgment which was consistent with directions of the memorandum or order. *Federal Savings and Loan Insurance Corporation v. Albrecht*, 379 N.W.2d 266 (N.D.1985);

NDRCivP 54(a) declares that a judgment includes "any order from which an appeal lies." Jan's right to appeal was properly from the complete and final decision of May 4, 1987. Her appeal on March 28, 1988 was too late.

We conclude that Jan's appeal was untimely under NDRAppP 4(a). Therefore, we dismiss her appeal.

ERICKSTAD, C.J., and GIERKE, JJ., concur.

VANDE WALLE, J., concurs in the result.

LEVINE, Justice, dissenting.

Because I would reach the merits, I respectfully dissent.

Olson v. Job Service North Dakota, 379 N.W.2d 285 (N.D.1985); Dunseith Sand & Gravel Co., Inc. v. Albrecht, 379 N.W.2d 803 (N.D.1986); Brakke v. Rudnick, 409 N.W.2d 326 (N.D.1987); Lang v. Bank of Steele, 415 N.W.2d 787 (N.D. 1987); Wolf v. Anderson, 422 N.W.2d 400 (N.D. 1988); and Dickinson Public School District v. Sanstead, 425 N.W.2d 906 (N.D.1988). Also, timely appeals from "the entry of judgment or the notice of entry of judgment" have been considered as proper appeals from the prior judgments. Vanderhoof v. Gravel Products, Inc., 404 N.W.2d 485, 488 (N.D.1987). An order about attorney's fees which followed an amended order that "constituted a final and complete adjudication of the remaining issues" was held appealable. J.S.S. v. P.M.Z., 429 N.W.2d 425, 428 (N.D.1988).