The FIRST STATE BANK OF NEW ROCKFORD, Plaintiff and Appellee,

v.

Warren ANDERSON, individually and as trustee, and Fay L. Larson as trustee of the Residuary Trust created under the Will of Emil Anderson, Defendants and Appellants.

Civ. No. 890140.

Supreme Court of North Dakota.

March 1, 1990.

Olson, Sturdevant & Burns, Minot, for plaintiff and appellee; argued by Richard P. Olson.

Kent L. Johnson (appearance), Minot, for defendants and appellants. Argued by Robert W. Palda, Minot.

Keith C. Magnusson, Bismarck, for amicus curiae North Dakota Bankers Ass'n. Submitted on brief.

GIERKE, Justice.

Warren Anderson and Fay Larson have appealed from a district court judgment[1] awarding a deficiency judgment to First State Bank of New Rockford. We reverse.

In 1984 Anderson and Larson executed a promissory note for $70,000 and gave First State Bank a mortgage on two hundred acres of land.[2] The mortgage was prepared by First State Bank on a standard Short–Term Mortgage Redemption Act form which contained the following provision: "The parties hereto agree that the provisions of the Short Term Mortgage Redemption Act shall govern this mortgage." In 1987, First State Bank commenced foreclosure proceedings which culminated in an April 28, 1988, judgment of foreclosure. A one-year redemption period was granted.

Following disposal of the property by sheriff's sale, First State Bank commenced this action seeking a deficiency judgment. The parties stipulated that the fair value of the property was less than the amount received through the sheriff's sale. Anderson and Larson, however, asserted that First State Bank had waived its right to seek a deficiency judgment by agreeing to be bound by the provisions of the Short–Term Mortgage Redemption Act, Chapter 32–19.1, N.D.C.C.

The trial court determined that execution of the mortgage on a Short–Term Mortgage Redemption Act form did not preclude a deficiency judgment. The court entered judgment against Anderson and Larson in the amount of $30,087.78.

The sole issue presented on appeal is whether First State Bank is precluded from recovering a deficiency judgment because the mortgage was executed on a Short–Term Mortgage Redemption Act form.

The Short–Term Mortgage Redemption Act was enacted in 1967 [1967 N.D.Sess. Laws ch. 279] in response to lenders' dissatisfaction with the mandatory one-year redemption period. The Act essentially allows the parties to agree to employ an alternate foreclosure procedure, shortening the redemption period to six months, with the lender foregoing its right to seek a deficiency. *See* Chapter 32–19.1, N.D.C.C. Use of the Short–Term Act mortgage form is restricted, however, to mortgages within specified acreage limits. At the time this mortgage was executed, the limit was ten acres. It has since been increased to forty acres. *See* Section 32–19.1–01, N.D.C.C. The parties disagree on the effect of executing a Short–Term Act mortgage when the acreage exceeds the statutory limit for that type of mortgage.

First State Bank asserts that our decisions in *First State Bank of Buxton v. Thykeson*, 361 N.W.2d 613 (N.D.1985), and *E.E.E., Inc. v. Hanson*, 318 N.W.2d 101 (N.D.1982), require us to construe the mortgage as though it had been executed on a proper form, without reference to the Short–Term Act. In both of those cases the acreage covered by the mortgage exceeded the allowable limits under Section 32–19.1–01. We held that using the wrong mortgage form did not invalidate the mortgage, and that the longer one-year period of redemption applied. *See First State Bank of Buxton v. Thykeson, supra*, 361 N.W.2d at 616; *E.E.E., Inc. v. Hanson, supra*, 318 N.W.2d at 107 n. 8. Neither case involved a mortgagee's right to seek a deficiency judgment when the Short–Term Act form was erroneously used.[3]

---

1. Anderson and Larson's notice of appeal states that the appeal is from the notice of entry of judgment. We will, in the interest of justice, treat the attempted appeal from the notice of entry of judgment as a proper appeal from the previously entered judgment. *See Morley v. Morley*, 440 N.W.2d 493, 495–496 n. 2 (N.D. 1989); *Vanderhoof v. Gravel Products, Inc.*, 404 N.W.2d 485, 488 (N.D.1987).

2. The documents were signed by Anderson in his individual capacity and by Anderson and Larson as co-trustees of the Emil Anderson Residuary Trust.

3. We feel compelled to comment on the suggestion at oral argument by counsel for First State Bank that some banks in the state have been *intentionally* using Short–Term Act mortgages on property over the acreage limit, apparently under the mistaken belief that our opinions in *Thykeson* and *E.E.E.* would require that these mortgages be construed for all purposes as if executed using the proper, "regular" mortgage form. Such a practice, with its enormous po-

Statutory rights or benefits may generally be waived by the party entitled to such benefits unless such a waiver is against public policy or the statute declares or implies that it may not be waived. *See* Section 1–02–28, N.D.C.C.; *Production Credit Association of Mandan v. Henderson,* 429 N.W.2d 421, 423 (N.D.1988). Our holdings in *Thykeson, supra,* and *E.E.E., supra,* were in recognition of the strong public policy favoring redemption. *See, e.g., Wolf v. Anderson,* 334 N.W.2d 212, 214 n. 1 (N.D.1983); *Robar v. Ellingson,* 301 N.W.2d 653, 663 (N.D.1981). Our statutes governing foreclosure proceedings are generally viewed as debtor-protection legislation, and we have consistently construed provisions affecting the mortgagor's right of redemption and protection against deficiency judgments strictly in favor of mortgagors. *See, e.g., Federal Land Bank of St. Paul v. Bergquist,* 425 N.W.2d 360, 362–364 (N.D.1988); *Robar v. Ellingson, supra,* 301 N.W.2d at 663 ("Equity zealously guards the equity of redemption"). In essence, our statutory scheme declares that, as a matter of public policy, a mortgagor of property over a certain number of acres is entitled to a one-year period of redemption upon foreclosure. *Thykeson* and *E.E.E.* hold that that right to a one-year redemption period cannot be waived by a provision in the mortgage declaring that the Short–Term Act will govern. *See also Twenty Associates, Inc. v. First Nat'l Bank & Trust Co. of Minneapolis,* 200 Minn. 211, 273 N.W. 696, 698 (1937) (mortgagor may not, at the time of the mortgage transaction, bargain away his redemption rights).

There is no equivalent public policy protecting the lender's limited right to seek a deficiency judgment. In fact, deficiency judgments are one of the *least* favored creatures of the law, and we have often recognized the legislature's avowed public policy *against* deficiency judgments in real estate litigation. *See, e.g, Gust v. Peoples and Enderlin State Bank,* 447 N.W.2d

914, 919 (N.D.1989); *Dakota Bank and Trust Co. of Fargo v. Funfar,* 443 N.W.2d 289, 292–293 (N.D.1989). Counsel for First State Bank conceded at oral argument that there was no public policy that would prohibit a waiver of the right to seek a deficiency judgment by a mortgagee. Accordingly, we construe First State Bank's agreement to be bound by the provisions of the Short–Term Act, including Section 32–19.1–07, N.D.C.C., which prohibits the taking of a deficiency judgment, as a waiver of its right to seek a deficiency judgment pursuant to Section 32–19–06, N.D.C.C. *See* Section 1–02–28, N.D.C.C.

The Supreme Court of South Dakota reached a similar result in an analogous case construing that state's One Hundred Eighty Day Redemption Mortgage Act, S.D. Codified Laws Ann. ch. 21–49. In *First Federal Savings and Loan Association of Sioux Falls v. Dardanella Financial Corp.,* 351 N.W.2d 460 (S.D.1984), the parties had executed a short-term form mortgage on property exceeding the forty-acre limitation of Section 21–49–11, S.D. Codified Laws Ann. The court held that terms agreed upon by the parties, including an agreement that the Act's provisions would govern, would be enforced unless they conflicted with applicable law. *First Federal Savings and Loan, supra,* 351 N.W.2d at 462. The court therefore concluded that the Act's interest rate restrictions upon redemption applied. The court noted, however, that the shorter redemption period authorized by the Act would not be available to a lender when the acreage exceeded the statutory limit, reasoning that "[t]he right to redeem is a favorite equity and will not be taken away except upon a strict compliance with the steps necessary to divest it." Similarly, we conclude that the right to redeem may not be waived by the mortgagor at the time of executing the mortgage, but the mortgagee may validly waive its right to seek a deficiency judgment.

---

tential for confusion, misinterpretation, and reliance on the part of the mortgagor, would be highly improper, and might even rise to the level of fraud. *See* Section 9–03–08, N.D.C.C.

The record gives no indication whether use of the wrong mortgage form in this case was intentional or inadvertent.

We do not agree with First State Bank that this is an incongruous, inequitable result which "lets borrowers have their cake and eat it too" and gives borrowers "the best of both worlds." To prevent this result, First State Bank merely had to use the correct form. First State Bank had control of the forms used in the transaction, and the current situation arises from its intentional or negligent use of the wrong form. Under these circumstances, we find nothing inequitable in this result.

■ We also reject the argument, raised in the brief of amicus and subsequently embraced by counsel for First State Bank at oral argument, that a lender may elect at the time of foreclosure whether to proceed under the Short–Term Act or under the "regular" foreclosure procedure. The alleged basis for this argument rests upon the language of Section 32–19.1–01, N.D. C.C., which provides that the parties may "provide in said mortgage that upon default .... the mortgage may be foreclosed as provided in this chapter." First State Bank contends that this provision, using the term "may," indicates that when a mortgage is executed on a Short–Term form the lender has the option to decide whether it wishes to foreclose under the special procedures of the Short–Term Act or under the "general" foreclosure procedures. We find no indication that the legislature intended a result which would allow the mortgagee to decide at the time of foreclosure, with the benefit of hindsight, which procedure will be most economically beneficial to it and then proceed under those provisions. Rather, the clear intent of the Short–Term Act is to allow the parties to agree, at the time the mortgage is executed, that the mortgage will be governed by the provisions of the Short–Term Act. Section 32–19.1–03, N.D.C.C., requires that the mortgage contain the following words: " 'The parties agree that the provisions of the short-term mortgage redemption act shall govern this mortgage'." The lender makes its election to be bound by the terms of the Act at the inception of the mortgage, and has no option to elect some different procedure at the time of foreclosure.

In the prior foreclosure action, Anderson and Larson asserted in their answer that First State Bank was precluded from seeking a deficiency judgment. Although the summary judgment of foreclosure failed to address or decide the issue, First State Bank asserts that the foreclosure judgment is now res judicata on this issue.

■ "Res judicata" means that " 'a thing or matter ... has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction.' " *Farmers State Bank v. Slaubaugh*, 366 N.W.2d 804, 806 (N.D.1985) (*quoting Robertson Lumber Co. v. Progressive Contractors, Inc.*, 160 N.W.2d 61, 76 (N.D.1968), *appeal dismissed*, 394 U.S. 714, 89 S.Ct. 1451, 22 L.Ed.2d 671 (1969)). In order for an issue to be considered res judicata, it is not enough that it was involved in an earlier action, but it must have been actually litigated and decided in that action. *Schiele v. First National Bank of Linton*, 404 N.W.2d 479, 481 (N.D.1987); *Matter of Estate of Nelson*, 281 N.W.2d 245, 251 (N.D.1979).

■ The issue regarding First State Bank's ability to seek a deficiency judgment, although raised in the pleadings in the foreclosure action, was not actually litigated or decided in that action. Furthermore, any determination of that issue by the trial court would have been advisory because no one knew at that time, prior to the sheriff's sale, whether there would actually be a deficiency. The summary judgment of foreclosure was not res judicata on the issue of First State Bank's right to seek a deficiency judgment.

We conclude that First State Bank was not entitled to a deficiency judgment. The judgment is reversed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and LEVINE, JJ., concur.