Filed 2/20/02 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2002 ND 18

Dale J. Burke, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20010168

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Michael O. McGuire, Judge.

AFFIRMED.

Per Curiam.

Dale J. Burke, pro se, P.O. Box 5521, Bismarck, N.D. 58506-5521.

Mark Rainer Boening, Assistant State’s Attorney, P.O. Box 2806, Fargo, N.D. 58108-2806, for respondent and appellee.

Burke v. State

No. 20010168

Per Curiam.

[¶1] Dale J. Burke appeals from a judgment denying his application for post-

conviction relief.
(footnote: 1)  Burke was present and represented by counsel at the evidentiary hearing on his application for post-conviction relief.  

[¶2] Burke argues that he received ineffective assistance of counsel from his trial attorney.  Burke argues that the following actions by his trial attorney constituted ineffective assistance of counsel:

(1) Failure to investigate Burke’s past mental illness and psychiatric records; 

(2) Failure to seek a second mental examination of Burke;

(3) Failure to obtain proper discovery materials from the lab which conducted DNA testing;

(4) Failure to request a 
Frye
 hearing on admission of the State’s DNA evidence or obtain a DNA expert for the defense;

(5) Failure to seek suppression of statements Burke made to detectives while detained in Nebraska;

(6) Failure to move for a change of venue;

(7) Failure to have voir dire transcribed;

(8) Failure to object to the prosecutor’s alleged misconduct during voir dire;

(9) Failure to discover and draw to the jury’s attention a discrepancy in the prosecution’s time-line;

(10) Failure to impeach false testimony by prosecution witnesses;

(11) Failure to use the defense’s private investigator’s report or call the private investigator as a witness;

(12) Failure to assert Burke’s right to a speedy trial and object to the prosecution’s delays;

(13) Failure to call certain defense witnesses;

(14) Failure to object to jury instructions;

(15) Failure to object when the trial court advised the jury that Burke had been taken off his sleep medication;

(16) Failure to challenge the state crime lab’s failure to photograph Burke’s pants or make a diagram showing where bloodstains were located on the pants;

(17) Failure to show that the pants were the wrong size for Burke;

(18) Failure to object to the State’s use at sentencing of information obtained during Burke’s mental examination;

(19) Failure to object to a photograph showing a hammer next to one victim’s body when no blood or DNA evidence was found on the hammer; and

(20) Failure to object to DNA tests which used only six markers instead of twenty markers.

[¶3] In addition to the ineffective assistance of counsel claim, Burke has also raised the following issues in his appeal:

(1) The State committed a 
Brady
 violation by failing to provide discovery materials from the DNA testing laboratory and failing to provide a tape of his Nebraska interview;

(2) The State violated Burke’s right to a speedy trial;

(3) The Assistant State’s Attorney lied to the court about the DNA testing, failing to inform the court that there was a six-month delay before the State sent a sample for testing;

(4) Defense counsel lied at Burke’s post-conviction hearing about the results of a second DNA test;

(5) Defense counsel lied when he testified at the post-conviction hearing that he had discussed the time-line discrepancy with Burke during the trial;

(6) Defense counsel’s testimony at the post-conviction hearing violated the attorney-client privilege;

(7) The psychiatrist who evaluated Burke tried to get Burke to confess to the crime and was later disciplined for inappropriate sexual contact with his patients and staff at the State Hospital;

(8) Burke’s equal protection and due process rights were violated by the district court, the Assistant State’s Attorney, and law enforcement officials when he was taken off his medication during trial and when he was denied access to his legal papers when transferred to the Cass County jail the day before his post-conviction hearing;

(9) Burke was beaten and sprayed with pepper spray at the Cass County jail the day before his post-conviction hearing; and

(10) Defense counsel should not have been provided a copy of Burke’s application for post-conviction relief before he testified and should not have been allowed to hear other witnesses’ testimony at the post-

conviction hearing.

[¶4] We have thoroughly reviewed the issues raised by Burke and find them to be without merit.  The judgment denying the application for post-conviction relief is summarily affirmed under N.D.R.App. P. 35.1(a)(1) and (2).

[¶5] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

FOOTNOTES
1:    
Burke’s notice of appeal states that he is appealing from “the decisions . . . made by this court on June 27, 2001.”  The hearing on Burke’s application for post-

conviction relief was held on June 27, 2001, and the court made an oral ruling denying the application at the close of that hearing.  The judgment denying the application was entered on July 2, 2001.  We treat an attempted appeal from an oral ruling as an appeal from a subsequently entered consistent judgment.  
See, e.g.
, 
State v. Ritter
, 472 N.W.2d 444, 447 (N.D. 1991); 
Morley v. Morley
, 440 N.W.2d 493, 495 n.2 (N.D. 1989).